[Civ. No. 1683. First Appellate District.—February 19, 1916.]

## LOUIS K. HAGENKAMP, Appellant, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant; CATHERINE WEGMAN, Intervener and Respondent.

TRIAL — PARTIAL HEARING — TRANSFER TO ANOTHER DEPARTMENT — RESETTING OF CAUSE — LACK OF NOTICE — JUDGMENT PROPERLY VACATED.—A judgment is properly vacated upon the ground that no valid notice of the setting of the cause for trial was given to the intervener or her counsel, where it is shown that after a partial trial had in one department of the superior court in the presence of and with the consent of counsel, the cause was transferred to another department of the same court "for a continuation of the trial" before the same judge, and there placed on the calendar in the absence of counsel for the intervener, and without his knowledge or consent.

ID. — EXCUSABLE NEGLECT OF COUNSEL — ENTRY OF WRONG DATE IN DIARY.—An entry by an attorney in his diary of a wrong date of the trial of an action is such an inadvertence and excusable neglect as will justify the vacating of a judgment in the absence of any suggestion that it was deliberately done as the foundation for a dilatory move in the case.

APPEAL from an order vacating a judgment of the Superior Court of the City and County of San Francisco. B. V. Sargent, Judge presiding.

The facts are stated in the opinion of the court.

Howard Harron, for Appellant.

Willard P. Smith, Judson W. Reeves, and Berkeley B. Blake, for Respondents.

LENNON, P. J.—The plaintiff in this action sought to recover from the defendant corporation, Equitable Life Assurance Society, the sum of $750, alleged to be the proceeds due upon a matured 20-year endowment life insurance policy issued by the corporation defendant to Philip W. Wegman, deceased, and which, during the latter's lifetime, had been assigned by him to the plaintiff. Catherine W. Wegman, the widow of the deceased, by leave of the court first had and obtained, filed in the action her complaint in intervention, wherein she claimed the sum in suit by virtue of an assignment of the policy to her alleged to have been made prior to the claimed assignment thereof to the plaintiff. Issue was joined by the plaintiff upon the allegations of the complaint in intervention; and by stipulation of the parties the corporation defendant deposited with the court the sum in suit upon the condition that it be applied in satisfaction of any judgment which might be rendered in the action for either the plaintiff or the intervener. The record shows the rendition of a judgment on August 7, 1913, in favor of the plaintiff and against the intervener, based upon findings of fact which, among other things, declare that the cause "came on regularly for trial on the sixteenth day of May, 1913, at which time witnesses were sworn and testified, and thereafter the cause was regularly continued" to the seventh day of August, 1913, for "further hearing"; and the cause coming on regularly then to be heard, evidence was introduced and the cause submitted for decision.

The judgment thus rendered was entered of record on August 8, 1913; and the statement upon appeal from the order shows that on that date counsel for the intervener prepared and gave notice to plaintiff and his counsel of a motion to vacate and set aside the judgment upon the ground that no valid notice of the setting of the cause for trial was given to the intervener or her counsel, and upon the further ground that said judgment was rendered and entered through the intervener's inadvertence, mistake, and excusable neglect. The court below ordered the judgment vacated, and it is from that order that the appeal is taken.

The motion to vacate was accompanied and supported by the affidavit of the counsel for the respondent, which, among other things, tended to show that on August 6, 1913, he received a postcard notice from the clerk of the court in which

the action was pending, notifying him that the same had been set for trial, but did not specify the date upon which the trial would be had; and that at about 5:15 P. M. of August 5, 1913, the attorney for the plaintiff served the attorney for the intervener with a notice that the cause had been set for trial on the seventh day of August, 1913, at the hour of 10 o'clock A. M.; that immediately upon receiving said notice the attorney for the intervener proceeded to enter in his office diary a note of the setting of the case for trial, so that his attention in due course would be called thereto, but inadvertently he made such entry in his diary upon the page thereof dated August 8, 1913, instead of August 7, 1913. This affidavit of counsel for the intervener further averred facts which evidently were intended to embody the essentials of an affidavit of merits.

Upon the hearing of the motion to vacate counsel for the plaintiff presented in evidence, in reply to the showing made upon behalf of the intervener, an affidavit which, in its recital of the history of the case, tended to show that the trial thereof was partially had in one department of the superior court upon two different days, in the presence of, and with the consent of, counsel for the intervener, and that upon the conclusion of the second day's trial the case was transferred to another department of the court for "a continuation of the trial" before the same judge who had partially heard the case, and that there it was subsequently ordered to be placed upon the calendar for August 7, 1913, for trial. It was not shown, however, nor is it contended upon behalf of the plaintiff, that counsel for the intervener was present in court when the case was so placed upon the calendar. In reply to the foregoing affidavit counsel for the intervener filed an affidavit alleging facts which tended to show that the cause was never set for trial prior to August 7th, and was not tried wholly or in part prior to that date, and that the prior taking of the testimony of certain witnesses—claimed by the plaintiff to have constituted a trial—was merely had in lieu of the taking of their depositions, and was done by virtue of a stipulation between the respective parties.

In support of the appeal it is one of the contentions of counsel for plaintiff that if it be true that the case was partially heard in the presence of, and with the consent of, counsel for the intervener in one department of the superior court,

then, notwithstanding the transfer of the case from one department to another, he must be deemed to have had actual knowledge of what was done in the case after as well as before the transfer, and consequently the notice served upon him was wholly unnecessary, and cannot be made the basis for the claim of inadvertence and excusable neglect. It is also insisted that the findings and judgment originally made and entered were, in the absence of proceedings to correct the record, conclusive upon the parties to the action, and that therefore the finding of the lower court necessarily implied from the order vacating the judgment, contradicting the recitals in the findings and judgment originally made and entered, cannot be rightfully resorted to in aid of the order vacating the judgment; and that the only remedy available to the intervener in the circumstances was a motion for a new trial grounded upon the provisions of subdivision 3, section 657, of the Code of Civil Procedure.

Conceding without deciding that the proceedings had in the case prior to August 7, 1913, constituted a partial trial of the case, at which counsel for- the intervener was present, nevertheless no showing was made that he was present in the department to which the case was subsequently transferred at the time it was ordered on the calendar of that department, or that he had actual knowledge of such order and consented thereto. The order thus made was in effect a resetting of the cause for trial, and it not having been shown that it was made with the knowledge and consent of the counsel for the intervener, a further trial of the case could not be had in his absence without giving him the five days' notice required by section 594 of the Code of Civil Procedure. (*Estate of Dean,* 149 Cal. 487, [87 Pac. 13].) There is much force in the contention that, in the absence of proceedings to make the record conform to the fact, the recitals of the findings and judgment to the effect that a trial of the case was actually had should, in the absence of a motion for a new trial, prevail over the finding to the contrary. We do not deem it necessary, however, to decide the question of practice involved therein in the presence of a record which shows that the motion to vacate was grounded and granted upon the failure to give the statutory notice required for the setting of the cause for trial, and also upon the alleged mistake, inadvertence, and excusable neglect of counsel for the intervener in making a wrong

entry in his office diary of the date set for the trial of the cause. The order granting the motion to vacate being general in its terms covered both grounds; and if the evidence adduced in support of either be sufficient, the order vacating the judgment must be affirmed.

The evidence is undisputed that the statutory notice of the setting of the cause for trial was not given to the counsel for the intervener, and therefore the order appealed from is fully supported upon that ground alone; but even if it be assumed that the statutory notice was waived by accepting and acknowledging without protest service of a shorter notice, still we think the finding of inadvertence and excusable neglect implied from the making of the order appealed from is also sufficiently supported by the evidence.

There is no merit in the contention that the evidence is insufficient in the particular that it does not show that counsel for the intervener was accustomed to rely upon the entries made in his office diary for information concerning the *status* of causes in which he was interested. If this contention be worthy of an answer, the answer is to be found in the averment of the affidavit of counsel for the intervener that he made the entry in question "upon his office diary in order that the same might be drawn to his attention in due course."

The error of counsel for the intervener in entering in his diary the date of the trial was not an unlikely inadvertence, and was entirely free from any suggestion that it was deliberately done as the foundation for a dilatory move in the case. Moreover, the complaint in intervention not only discloses a substantial cause of action—which the record shows had been previously prosecuted with vigor and in good faith— but further, that on the day following the rendition of the judgment proceedings were immediately instituted by counsel for the intervener to have it vacated. As was said in the very recent case of *Berri* v. *Rogero,* 168 Cal. 736, [145 Pac. 95] : "Where a party in default makes seasonable application to be relieved therefrom . . . very slight evidence will be required to justify the court in setting aside the default."

We are of the opinion that the affidavit of merits filed in support of the motion was sufficient, notwithstanding that it was not couched in the phraseology generally employed in such an affidavit; but even if the affidavit be conceded to be deficient in the particulars pointed out by counsel for the

plaintiff, the allegations of the verified complaint in intervention were sufficient to constitute an affidavit of merits.

The one remaining point made in support of the appeal relative to the insufficiency of the verification to the complaint in intervention is trivial, and not deserving of serious consideration.

The order appealed from is affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 14, 1916.