[Civ. No. 1463.  Third Appellate District.—October 19, 1916.]

PACIFIC POWER COMPANY (a Corporation), Respondent, v. STATE OF CALIFORNIA et al., Appellants.

[Civ. Nos. 1460, 1461, 1462.  Third Appellate District.—October 19, 1916.]

MONO COUNTY IRRIGATION COMPANY (a Corporation), Respondent, v. STATE OF CALIFORNIA et al., Appellants.

APPEAL—JUDGMENT IN FAVOR OF STATE—PARTY AGGRIEVED.—The state of California is a party aggrieved and has the right of appeal from a judgment in its favor in an action brought against it to condemn land, notwithstanding the state in its answer denied any ownership in the land, and declared that the United States was the owner thereof.

ID.—DEFAULT IN FILING OF BRIEF—SUFFICIENCY OF EXCUSE.—An appeal taken by the state from a judgment will not be dismissed for the failure of the appellant to file its points and authorities within the prescribed time, where it is made to appear that the time to file its briefs was inadvertently allowed to expire by reason of misunderstandings between representatives of the attorney-general's office and the deputy attorney-general, who had charge of the litigation, as to the obtaining of an extension of time from the court.

APPEALS from judgments of the Superior Court of Mono County.  W. S. Wells, Judge presiding.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and John T. Nourse, Deputy Attorney-General, for Appellants.

Wm. O. Parker, and J. D. Murphy, for Respondent.

BURNETT, J.—A motion has been made to dismiss the appeal in each of the above-entitled causes.  The facts are identical and the cases may be considered together.  The motion is made upon the grounds: "(1) That the said defendant and appellant is not a 'party aggrieved' by the judgment in this case within the provisions of section 938 of the Code of Civil Procedure of the state of California.  (2) That the said

defendant and appellant has failed to comply with the provisions of rule II, subdivision 4 of the rules of this court in that it has failed to file its printed points and authorities within the period prescribed.''

As to the first point, it may be said that the state of California was the only party against whom the action was brought, except certain fictitious parties, and it is the only party against whom a judgment was obtained, said judgment being ''that the plaintiff is entitled to judgment in its favor herein as prayed for in its complaint herein, and that it be adjudged and decreed in and by said judgment that the corporation plaintiff pay as compensation and damages to the said defendant, the state of California, for the land herein sought to be condemned, the sum of twelve hundred dollars,'' etc.

It is true that defendant in its answer had denied ''that the defendant state of California claims to be or is the owner of the property sought to be condemned in said action and particularly described in paragraph IV of said complaint,'' and alleged ''that by reason of the facts hereinbefore set forth, the state of California is improperly joined as a party in said action and that the whole fee estate and interest in the land described in paragraph IV of said complaint is in the United States of America and not in the state of California,'' but the court was more generous toward the defendant than was demanded by its claims, and it was found that ''it is not true that by reason of the facts, or any of the facts set forth in said answer, or by reason of any facts, the state of California is improperly joined as a party to this action; and it is not true that the whole fee or any part of the fee or any interest in the lands herein sought to be condemned is in the United States of America and not in the state of California.'' This was followed by a finding that the value of the land was one thousand two hundred dollars, and this, by the judgment, as we have before set out. The court, therefore, having found that defendant was the owner of the land and having decreed its condemnation, it would necessarily follow that appellant is an aggrieved party. It is said in *Estate of Colton,* 164 Cal. 5, [127 Pac. 643], ''Under our decisions, any person having an interest recognized by law in the subject matter of the judgment, which interest is injuriously affected by the

judgment, is a party aggrieved and entitled to be heard upon appeal."

As to the second point, the rule requires that "thirty days after the filing of the transcript, the appellant shall file with the clerk his printed points and authorities with proof of the service of one copy thereof upon the attorney or attorneys of each respondent who shall have appealed separately in the superior court." It is further provided, however, that the time may be extended for good cause shown. In this case, the time was extended but the period thus enlarged had expired a few days before the motion to dismiss the appeal was given. Appellant, though, was ready and was granted permission to file its opening brief at the time said motion came on for hearing.

To excuse its failure to file the brief in time, appellant filed the affidavit of John T. Nourse, deputy attorney-general of the state, in which, among other things, he declared: "That he had charge of the litigation involved in the above entitled actions on behalf of the State of California, appellant therein; that on or about the 21st day of December, 1915, affiant filed in this Court his affidavit in support of appellant's application for an extension of time to file its opening briefs in each of said cases, setting forth that the appeals in each of said cases involved the question presented in the case entitled *Deseret Water, Oil, and Irrigation Company* vs. *State of California,* then pending before the Supreme Court of the United States, and that there was no attorney of record in the said actions on appeal in this Court; that affiant believed that if any attorney should appear of record in said action, a stipulation would be entered into continuing the hearing of said appeals until the determination of said Deseret case; that the complaints in each of the above entitled actions were endorsed by Parker & Parker, as attorneys for each of the plaintiffs; that all of the proceedings therein were conducted by Pat R. Parker who on the 2nd day of January, 1915, became Judge of the Superior Court in and for the County of Mono . . . ; that on numerous occasions the said Pat R. Parker informed affiant that his father, William O. Parker, had long discontinued the practice of the law, that he was no longer associated with him, and that he (William O. Parker) was not associated with him in any of said actions; . . . that said William O. Parker is not the successor to Parker & Parker and never

31 Cal. App.— -46

has been, but said firm has long since been dissolved; . . . that said William O. Parker never has been at any time an attorney or counsel for any of the respondents in any of the above entitled actions . . . : that all the extensions of time to file appellant's briefs in said actions were obtained from this Court by the representatives of the Attorney General's office, located in the City of Sacramento and affiant had assumed that the time of appellant to file its said briefs was being protected in that manner and the representatives of said office assumed that affiant, intending to prepare the briefs in said actions, was protecting the time of appellant to file its briefs, and that by reason of these misunderstandings, and by reason of the press of official business of said office, including matters involving the recent primary election and preparation for the coming general election, the time to file said briefs was inadvertently allowed to expire."

It is further stated "that affiant was led to believe that another attorney would be substituted for said Parker & Parker and that he would be notified of the same so that he might obtain a stipulation continuing these cases, and that he received no such notice."

It has been often stated that courts in the determination of such motions as far as possible should lean toward a hearing of the case upon its merits. It may be said also that, manifestly, a large discretion is committed to the court in the exercise of its judgment as to whether a party should be relieved from such default. The rule itself is, of course, somewhat flexible and may be set aside when justice requires it.

We have no reason to doubt the good faith of appellant, and as we are impressed with the showing made to excuse the delay and believing that it is the better policy to consider the merits of the cause, the motion to dismiss the appeal in each of said cases is denied.

Chipman, P. J., and Hart, J., concurred.