[L. A. No. 7146. In Bank.—December 5, 1923.]

## C. E. WAITE et al., Respondents, v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

[1] DEFAULT — DISCRETION — CHARACTER OF. — At all times the trial court is to exercise a sound and legal discretion in passing upon an application for relief against a judgment by default. This discretion, however, is not capricious or arbitrary, but it is an impartial discretion guided and controlled in its exercise by fixed legal principles.

[2] ID.—TRIAL UPON MERITS—POLICY OF LAW.—It is the policy of the law to bring about a trial on the merits wherever possible, so that any doubts which may exist should be resolved in favor of the application, to the end of securing a trial upon the merits.

[3] ID.—MISTAKE OF LAW—RIGHT TO RELIEF.—Relief may be obtained under section 473 of the Code of Civil Procedure from a default judgment entered by reason of defendant's mistake of law.

[4] ID.—MISTAKE IN JURISDICTION OF COURT—HONEST BELIEF—EVIDENCE—RIGHT TO RELIEF.—A defendant is entitled to relief under section 473 of the Code of Civil Procedure from a default judgment which it permitted to be entered against it for failure to answer within due time because of an honest belief that the federal court had jurisdiction of the cause, where there was reasonable ground for such belief, the defendant instituted proceedings for the removal of the cause to the federal court with the result that plaintiffs' motion to remand the cause to the state court was granted, and the defendant about five weeks after the granting of such motion, and more than five months after defendant's default was entered, filed in the state court notice of motion to set aside and vacate the default judgment, asserting a meritorious defense to the action.

APPEAL from an order of the Superior Court of Los Angeles County denying motion to set aside default judgment. Charles S. Burnell, Judge. Reversed.

The facts are stated in the opinion of the court.

W. I. Gilbert for Appellant.

Ward Chapman and L. M. Chapman for Respondents.

KERRIGAN, J.—This is an appeal from an order denying defendant's motion to vacate and set aside a default judgment.

On January 19, 1921, plaintiffs filed their complaint in the superior court of Los Angeles County, alleging that they delivered to defendant, a common carrier in interstate commerce, goods of the value of $3,326.10 to be transported from Portland, Oregon, to Los Angeles, California, and which through the negligence of the defendant were destroyed by fire at Quail, California. Recovery was sought for their value.

On January 31, 1921, defendant filed a demurrer to the complaint, and at the same time filed a petition for the removal of the cause to the United States district court for the southern district of California on the ground that the action involved a law of the United States. On February 15, 1921, the petition and demurrer came on for hearing, and the petition was thereupon denied and the demurrer overruled by the court, with ten days' leave to defendant to answer.

On March 2, 1921, defendant filed in the said federal court a transcript of the record and a petition for removal thereto from said superior court, and while the action was pending in the federal court the plaintiffs, on March 26, 1921, caused default to be entered against the defendant in the state court for failure to answer within the required time. Judgment upon said default was entered April 14, 1921. The defendant having in the meantime filed its answer in the federal court, the plaintiffs, on April 11, 1921, filed in said court their motion to remand the cause to the state court. This motion was submitted for decision on April 18, 1921, and granted on August 6, 1921. Thereafter, on September 12, 1921, defendant filed in the state court notice of motion to set aside and vacate the judgment by default, which motion was denied on September 19, 1921. From the order in that behalf made the defendant prosecutes the present appeal.

The motion to set aside the judgment was made under section 473 of the Code of Civil Procedure, providing for relief from orders made through the ''mistake, inadvertence, surprise, or excusable neglect'' of those against whom they are rendered. In effect, the ground of the motion was that defendant suffered its default to be entered and judgment thereon to be rendered because of its mistaken belief that jurisdiction of the cause was in the federal and not the state court. Whether this mistake on the part of the defendant is of such a character as to entitle it to the relief sought is practically the only point involved on this appeal.

In passing upon it we lay aside the question whether the state court had jurisdiction of the cause after the transcript of the record had been filed in the federal court and before the petition to remand was granted, for that question, while it could be urged upon an appeal from the judgment, is not available on the present appeal.

It is not questioned that defendant was at all times acting in the honest belief that the federal court alone had jurisdiction, and that plaintiffs knew that it was for this reason that defendant did not file an answer in the state court. In fact, it was shown by an affidavit of one of the counsel for respondents that appellant's time to answer ran out on February 25, 1921; that on March 1, 1921, affiant informed counsel for defendant that the time for filing an answer had expired, and asked whether defendant intended to answer in the state court, to which counsel for defendant responded that ''they did not recognize the jurisdiction of the state court and had already filed a transcript of the proceedings in the federal court, and would file in that court an answer to the complaint within the time provided by federal statutes in such cases provided''; that on March 21, 1921, affiant called defendant's counsel on the telephone and informed him that affiant intended to stand upon the jurisdiction of the state court, desired to proceed in that court and wished to enter the default of defendant there, but that before doing so he desired to give the defendant an opportunity to take whatever necessary proceedings it might determine upon; that defendant's counsel then requested that the matter be allowed to stand in abeyance for a few days so that the situation might be considered by defendant; that on March 25, 1921, defendant's counsel informed affiant that

defendant had determined to proceed with the action in the federal court and "informed said affiant to proceed to enter the default, but requested that he be notified when that was done in order that he might consult with their San Francisco correspondents for further instructions"; that on March 26, 1921, the default was entered, and that on March 31, 1921, affiant wrote and mailed a letter to defendant's counsel in which he said: "Re Waite vs. S. P. Co. . . . In accordance with your request, I desire to notify you that the default of the defendant in the above action has been entered in the state court, and I desire to further notify you that the plaintiff intends to proceed to take judgment against the said defendant in the action now pending in the Superior Court."

It must be conceded that while the determination by both the federal and state courts was in favor of the jurisdiction of the latter, the defendant was not without plausible grounds for its contention, and the fact that the United States district court retained the case under advisement for many months would seem to be sufficient indication that the question of law involved was in doubt and was one upon which an attorney might very well be mistaken. In any event, if it be conceded that the defendant's mistake of law was a reasonable one under the facts set forth in the complaint, we believe that its neglect to file an answer because of such belief is at least excusable.

The legal principles underlying the granting of motions to set aside defaults are comparatively simple and have been frequently announced by this court. [1] At all times the trial court is to exercise a sound and legal discretion in passing upon an application for relief against such a judgment This discretion, however, is not capricious or arbitrary, but it is an impartial discretion guided and controlled in its exercise by fixed legal principles. "It is not a mental discretion, to be exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice." (*Bailey* v. *Taaffe,* 29 Cal. 422, 424.) [2] It is also well established that it is the policy of the law to bring about a trial on the merits wherever possible, so that any doubts which may exist should be resolved in favor of the application, to the end of securing a trial upon

the merits. (*Jergins* v. *Schenck,* 162 Cal. 747, 748 [124 Pac. 426].) [3] And it has been held by this court that in a proper case relief may be obtained under section 473 of the Code of Civil Procedure from a default judgment entered by reason of defendant's mistake of law. (*Mitchell* v. *California etc. S. S. Co.,* 156 Cal. 576, 580 [105 Pac. 590]; *Douglass* v. *Todd,* 96 Cal. 655 [31 Am. St. Rep. 247, 31 Pac. 623]; *Tuttle* v. *Scott,* 119 Cal. 586 [51 Pac. 849]. See, also, *Staley* v. *O'Day,* 22 Cal. App. 149 [133 Pac. 620].)

[4] Tested by these legal principles we believe that it was the duty of the trial court to grant the defendant's motion. The defendant asserts a meritorious defense, which it set out in the answer filed in the federal court, a copy of which was attached to its affidavit filed in support of its motion, and it ought to be given the opportunity of presenting this defense. Nor is there anything to indicate that the plaintiffs will be in any way prejudiced by a trial upon the merits, especially in view of the fact that it is within the power of the superior court to impose terms in granting the motion.

While it is true that the defendant did not file its motion to vacate the default judgment until more than five months after it was entered, it must be remembered that during most of this time defendant was acting upon its honest belief that the state court had no jurisdiction of the action. It filed its motion within five weeks after the making of the order by the federal court remanding the cause to the state court, which delay is not such as will defeat a defendant's right to be relieved under section 473 of the Code of Civil Procedure. (See *Wolff & Co.* v. *Canadian Pacific Ry. Co.,* 89 Cal. 332 [26 Pac. 825].)

For the reasons above indicated the order refusing to vacate and set aside the judgment by default is reversed, and the cause remanded to the superior court, with direction to permit the defendant to file an answer to the plaintiff's complaint within such time as the court may deem proper, and upon such terms as may seem just.

Lennon, J., Wilbur, C. J., Seawell, J., Waste, J., Lawlor, J., and Myers, J., concurred.

Rehearing denied.