[Civ. No. 4204.  Second Appellate District, Division Two.—April 7, 1924.]

## LOUIS R. TOON, Respondent, v. PICKWICK STAGES, NORTHERN DIVISION, INC. (a Corporation), Appellant.

[1] DEFAULT—MOTION TO SET ASIDE—DISCRETION OF TRIAL COURT.— In considering motions to set aside defaults, the trial court is to exercise a sound and legal discretion in passing upon the application. This discretion is not capricious or arbitrary, but it is an impartial discretion and is to be exercised in such· a manner as to conform with the spirit of the law by subserving and not impeding or defeating the ends of substantial justice.

[2] ID.—ACTION FOR DAMAGES—SERVICE OF SUMMONS—INADVERTENT FILING OF PAPERS BY INSURANCE CARRIER—EXCUSABLE NEGLECT— ABUSE OF DISCRETION.—In this action for damages for injuries suffered by plaintiff in an automobile accident alleged to have been caused by defendant's negligence, in view of the uncontradicted facts set forth in defendant's affidavit in support of its motion to set aside the default judgment entered in favor of plaintiff, showing among other things the service of the summons and complaint on defendant's secretary and the forwarding of said papers to the office of a mutual interinsurance association (the policy of which required it to assume charge of and control all litigation arising out of accidents wherein defendant was involved), where they were inadvertently filed in the office of its claims attorney, without having been brought to his attention, the learned trial court went beyond the limits of a sound judicial discretion in refusing defendant's application to be relieved from the judgment taken against it by default.

---

(1) 34 C. J., p. 369, sec. 580.    (2) 34 C. J., p. 309, sec. 527.

1.  See 14 Cal. Jur. 1072; 15 R. C. L. 720.
2.  See 14 Cal. Jur. 1075.

APPEAL from an order of the Superior Court of Santa Barbara County denying a motion to set aside a default judgment. S. E'. Crow, Judge. Reversed.

The facts are stated in the opinion of the court.

B. P. Gibbs and W. I. Gilbert for Appellant.

Thompson & Robertson for Respondent.

FINLAYSON, P. J.—This is an appeal from an order denying defendant's motion to vacate a default judgment.

The action is one having for its purpose the recovery of damages for injuries suffered by plaintiff in an automobile accident alleged to have been caused by defendant's negligence. Defendant, a California corporation having its principal place of business in the city of Los Angeles, is a common carrier of passengers by automobile stage. The complaint, which was filed in the superior court for Santa Barbara County on October 21, 1921, alleges that on March 14th of that year, in the city of Santa Barbara, the driver of one of defendant's autostages so negligently operated his vehicle that it ran into the automobile which plaintiff was driving, thereby injuring the latter.

On October 26, 1921, in the city of Los Angeles, the summons and a copy of the complaint were served upon defendant's secretary. On November 29, 1921, no appearance having been made by defendant within the time allowed by law therefor, plaintiff caused defendant's default to be entered, and on December 30, 1921, after an *ex parte* hearing of evidence presented by plaintiff, the lower court entered a judgment in plaintiff's favor. Defendant moved expeditiously to set aside the default and the judgment entered thereon by serving and filing on January 7, 1922, its notice of motion under section 473 of the Code of Civil Procedure. The showing made by defendant in support of its motion was not contradicted by any evidence on the part of plaintiff. The only question, therefore, is whether the facts set forth in the affidavits filed on behalf of defendant are sufficient to show that it would be an abuse of discretion to deny the motion to open the default.

The affidavits disclose the following: At the time of the accident defendant was insured against loss by the Califor-

nia Highway Indemnity Exchange, a mutual interinsurance association having an office in the city of Los Angeles and hereafter referred to as the insurance carrier. The policy of insurance requires the insurance carrier to assume charge and control of all suits and of all litigation arising out of accidents wherein the insured is involved. The insurance carrier employs a "claims attorney," who in this instance acted as counsel for defendant, and to whom, therefore, we shall refer indiscriminately as defendant's attorney and the insurance carrier's claims attorney.

Upon being served with the summons and complaint on October 26, 1921, defendant's secretary caused the documents to be placed in an envelope and mailed to the insurance carrier, whose office, as we have stated, is in the city of Los Angeles. That the papers were received by the insurance carrier in due course is evident from the fact that later when search was made they were found among the files in the office of its claims attorney. No letter of instructions was inclosed with the summons and complaint, and no instructions were given to the officers or agents of the insurance carrier. None of defendant's officers or employees had any knowledge that defendant's default had been entered until notified thereof by defendant's attorney.

Prior to the commencement of this action, and covering a period of some weeks, a correspondence was carried on between attorneys of the Automobile Club of Southern California and defendant's attorney, the purpose of which was to effect a compromise settlement of plaintiff's claim for damages. No satisfactory settlement having been arrived at, plaintiff took his claim out of the hands of the automobile club's attorneys and thereafter caused this action to be commenced by his present counsel.

Not until December 20, 1921, did defendant's attorney have any notice or knowledge that this action had been commenced. On that day, happening to be in the courtroom of the superior court for Santa Barbara County for the purpose of representing this defendant in the trial of another action, he overheard a chance remark which led him to examine the files in the office of the clerk of that court. This examination led to the discovery that summons and complaint had been served upon defendant's secretary and that defendant's default had been entered.

Returning to Los Angeles, defendant's attorney, who, it will be recalled, is the insurance carrier's claims attorney, made an examination of the files in his office. His office, it would seem, is one of a suite of offices rented by his principal, the insurance carrier. The examination disclosed that the summons and complaint had been received in the office. Both documents, together with the envelope in which they had been placed, were "inadvertently filed away by the employees" of the claims attorney in the latter's office "without calling the matter to [the attorney's] attention." During a period of several months, including the time when the claims attorney was carrying on the correspondence with the attorneys of the automobile club relative to plaintiff's claim and up to the time when the summons and complaint were served, the claims attorney "had several changes in the personnel of his office force, including several new stenographers, whose duty involved the handling and filing of all papers in connection with claims made upon said California Highway Indemnity Exchange." In the affidavit which was made by defendant's attorney and presented to the lower court on the motion to set aside the default it is stated: "Through inadvertence and mistake, which ordinary care and diligence on the part of affiant could not have guarded against or overcome, the summons and complaint in this action became filed away in the files in the office of affiant, and were not called directly to his attention for consideration and action thereon."

None of defendant's officers has any personal knowledge of the facts involved in the accident. An investigation of the facts relating to the accident was made by defendant's attorney, who prosecuted inquiries and conducted an examination of the scene of the collision and, according to his affidavit, "has personal knowledge of the locality, facts and circumstances under which the accident is alleged to have occurred." For this reason he made the affidavit of merits and sets forth therein facts which, if true, show that defendant has a good and meritorious defense to the action.

[1] The legal principles by which courts are guided in considering motions to set aside defaults are well established and are comparatively simple. The trial court is to exercise a sound and legal discretion in passing upon the application. This discretion is not capricious or arbitrary,

but it is an impartial discretion and is to be exercised in such a manner as to conform with the sprit of the law by subserving and not impeding or defeating the ends of substantial justice. (*Waite* v. *Southern Pac. Co.,* 192 Cal. 467 [221 Pac. 204].) "Section 473," says the court in *Nicoll* v. *Weldon,* 130 Cal. 667 [63 Pac. 64], "is a remedial provision, and is to be liberally construed so as to dispose of cases upon their substantial merits and to give to the party claiming in good faith to have a substantial defense to the action an opportunity to present it. . . . It is for this reason that we more readily listen to an appeal from an order refusing to set aside a default than where the motion has been granted, since in such case the defendant may be deprived of a substantial right, whereas it may be assumed, if nothing to the contrary is shown, that the plaintiff will be able at any time to establish his cause of action. If, for any reason, he will be unable to do so, that fact should be made to appear; but if he is merely subjected to delay or inconvenience by having the default set aside, he can be compensated therefor by the terms which the court may impose as the condition of granting the motion." (See, also, *Brasher* v. *White,* 53 Cal. App. 545 [200 Pac. 657].)

[2] Tested by these principles we believe that the learned trial court went beyond the limits of a sound judicial discretion in refusing defendant's application to be relieved from the judgment taken against it by default. No negligence or culpability can be predicated of the conduct of defendant's secretary. When that officer was served with the summons and complaint he "thereupon," i. e., immediately, mailed them to his company's insurance carrier, by whom, it seems, they were received in due course of the mail. Under the circumstances of this case it was not incumbent upon defendant's secretary to do more than simply to mail the summons and complaint to the insurance carrier, whose duty it was, under its contract of insurance, to assume charge and control of the action. The facts of the case and the nature of defendant's defense were already known to the insurance carrier's claims attorney, who previously had carried on negotiations with the attorneys of the automobile club for a compromise settlement of plain-

tiff's claim.   Indeed, he knew more about the facts and the merits of the cause than did any of defendant's officers. Obviously such a situation is not at all analogous to that of a defendant who, upon being served with summons, can protect his interests only by seeking some attorney whom he can employ and to whom he must communicate the facts of his case and the nature of his defense.   Here, under the terms of defendant's contract with its insurance carrier, an attorney whose duty it was to defend the action was already provided for, and that attorney knew all that the client knew about the case and more.

Nor was there any personal neglect or culpable fault on the part of defendant's attorney.   He had no personal knowledge or notice of the service of the summons and complaint until after the default had been entered.   As soon as possible after hearing the chance remark which put him upon inquiry he made an investigation, and then with all diligence presented the motion to set aside the default.

The person who was responsible and solely responsible for defendant's failure to appear in the action within the time provided by law is none other than that unidentified, inexperienced employee in the office of the claims attorney who filed the documents in his employer's office files and then failed to call the latter's attention to them.   But such thoughtlessness on the part of a new employee inconversant with the office routine was pardonable, and in so far at least as it affected defendant's rights his neglect was excusable.   What was said by the supreme court in *Downing* v. *Klondike Min. etc. Co.,* 165 Cal. 786 [134 Pac. 970], when considering a somewhat analogous situation, is apposite: "Our knowledge of the methods in vogue in law offices convinces us that such a mistake as the one detailed in the affidavits herein might be easily made and the consequent default might take place without any culpable carelessness on the part of the attorneys of record."

There is nothing to indicate that plaintiff will be prejudiced in any way by a trial upon the merits, especially in view of the fact that it is within the power of the superior court to impose terms in granting the motion; and since the affidavits disclose a meritorious defense, defendant should be given an opportunity to present that defense.

The order refusing to set aside the judgment by default is reversed, and the cause is remanded to the superior court, with directions to permit the defendant to file an answer to plaintiff's complaint within such time and upon such terms as that court may deem just and proper.

Works, J., and Craig, J., concurred.