[Civ. No. 5878.   Second Appellate District, Division Two.—March 23, 1928.]

H. G. B. ALEXANDER & COMPANY (a Corporation) et al., Respondents, v. H. D. MARTZ, Appellant.

Cooper & Collings for Appellant.

Elbert E. Hensley for Respondents.

THOMPSON, J.—The respondents have made a motion to dismiss the appeal herein on the ground that appellant failed for more than thirty days after filing his transcript

to file his opening brief as required by subdivision 4 of Rule II of the rules governing the practice in the supreme court and district courts of appeal. ■ The appellant seeks to be relieved of his failure to comply on the ground that it was occasioned through inadvertence and excusable neglect of his counsel. From the affidavit of one of counsel it appears that the transcript was filed on September 20, 1927; that for the past eight years counsel had had in their employ a clerk whose duty it was to keep a record of the time for appearances, for the taking of appeals, etc.; that some time about the middle of September, 1927, this clerk was taken ill and that for that reason the time for filing appellant's opening brief was not put upon the calendar customarily kept by the clerk, nor called to the attention of counsel until the notice of motion to dismiss was served upon them; that counsel who makes the affidavit and who was familiar with the case had also instructed this clerk to prepare a *résumé* of the testimony in narrative form for use in writing the brief, which, on account of the illness mentioned, was also not done; that immediately upon learning of the inadvertence affiant proceeded to work upon the brief. It now appears from the record that appellant's opening brief has been filed since the making of the motion, as has respondent's brief. While it is undoubtedly true that the motion must be determined as of the date the notice is given (*McCabe* v. *Healey,* 139 Cal. 30 [72 Pac. 359]), unaffected by the subsequent service and filing of the brief, it is also manifestly true that advantage should not be taken of negligence which is excusable, and which may not always be guarded against in the practice of a busy lawyer. Obviously there was negligence, but the question is, was the negligence excusable? ■ Generally lawyers who are actively engaged in professional duties adopt a system or plan by which their manifold duties may be directed to their attention, and they become so accustomed to the functioning of the system that when a break in the chain occurs, they should not be held to the same strict accountability as though the habit of reliance upon the system had not been formed. The case which has been called to our attention, *Erving* v. *Napa Valley Brewing Co.,* 16 Cal. App. 41 [116 Pac. 331], is nowise in point here, for the reason that counsel in that case relied upon the county clerk to file the transcript, which is quite different from habitual

reliance upon counsel's office organization. It has been held in a proceeding to relieve from default under section 473 of the Code of Civil Procedure that the entry in counsel's diary of a notice of the time set for trial on the page marked August 8 when it should have been on the page headed August 7, was a sufficient excuse in the absence of a showing that the entry was deliberate. (*Hagenkamp* v. *Equitable Life Assur. Soc.*, 29 Cal. App. 713 [156 Pac. 520].) We think the similarity of situations is sufficient to have weight in the consideration of this motion. It is not suggested by respondents that any injury will result by reason of the delay in filing the brief. While we are loath to take action that will in any wise tend to encourage procrastination and lack of diligence, we feel that the circumstances here are such that counsel should be relieved from the effect of his neglect and that the appeal ought not to be dismissed.

Motion denied.

Works, P. J., and Craig, J., concurred.