[Civ. No. 6636. Second Appellate District, Division Two.—August 1, 1929.]

JOSEPH MARDESICH, Respondent, v. THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Appellants.

Jess E. Stephens, City Attorney, and W. B. Matthews and Kenneth K. Scott, Deputies City Attorney, for Appellants.

R. Dean Warner for Respondent.

THOMPSON (IRA F.), J.—The respondent has made a motion to dismiss the appeal in this case on the ground

that the appellants failed for more than thirty days after the transcript was filed to serve and file their opening brief as required by the rules of practice of this court. Appellants' points and authorities were not on file when the motion was filed on June 11, 1929, but were presented and filed on July 5, 1929, or four days before the hearing of the motion. The appellants have made a motion to be relieved of their default and in this regard show by affidavits that a deputy city attorney in the Department of Water and Power was in active charge of this litigation; that in the office of the legal division of the Department of Water and Power a system has been established whereby it is and has been the duty of the chief clerk therein to keep a record of all civil actions in which the City of Los Angeles or the Department of Water and Power are parties, together with a calendar of dates for appearances, hearings, appeals, etc.; that this clerk for some reason received no card advising her of the filing of the transcript in the present case as is customary; but that during her unavoidable absence from the office her assistant received notice of the transfer of the cause from the Supreme Court to this court; that inasmuch as this notice did not mention the filing of the transcript the assistant made no record of the time for filing the brief and it escaped the attention of the clerk and counsel. It is further shown by the affidavit of the deputy city attorney that the clerk in charge has been in the office for the past three years, and charged with the responsibility of making proper entries on the calendar; that he has relied thereon for that length of time and "has found few, if any, mistakes in the calendar system"; that he was very busy in the trial of cases during the period of time involved.

No doubt there was negligence on the part of counsel and his office. We think, however, that the negligence was not entirely inexcusable and that the circumstances are sufficiently similar to the cases of *McCabe* v. *Healey,* 139 Cal. 30 [72 Pac. 359], and *Alexander & Co.* v. *Martz,* 90 Cal. App. 360 [265 Pac. 881], that the same rule ought to be applied.

Motion to dismiss denied. Motion for relief from default granted.

Works, P. J., and Craig, J., concurred.