[Civ. No. 4055. Third Appellate District.—April 12, 1930.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Appellant, v. BOARD OF SUPERVISORS OF MONO COUNTY et al., Respondents.

Erwin P. Werner, City Attorney, Francis H. Lindley, W. B. Mathews and Kenneth K. Scott for Appellant.

A. Boyer, District Attorney, and George L. Sanford for Respondents.

FINCH, P. J.—This is a motion to dismiss the appeal herein on the ground that the appellant has failed to file its opening brief in due time. The appellant has applied to be relieved from such default on the grounds of inadvertence and excusable neglect.

The appeal is from a judgment denying appellant's application for a writ of mandate to compel the cancellation, pursuant to the provisions of section 3804a of the Political Code, of all assessment certificates of sale for delinquent taxes and tax deeds of its lands in Mono County, on the ground that such land is exempt from taxation.

The transcript on appeal was filed in the Supreme Court June 20, 1929. Appellant's time to file its opening brief was extended by stipulation to January 1, 1930. On February 18, 1930, respondents filed notice of motion to dismiss the appeal on the ground stated. Thereafter the cause was transferred to this court and on March 1st respondents filed notice that they would move for a dismissal of the appeal on March 24th on the ground stated in the first notice. Appellant's opening brief was delivered to the clerk of this court on March 20th and its application to be relieved from its default was filed on the same day.

It appears from the affidavits filed in support of the appellant's application, among other alleged excuses, ''that in the year 1929, there was an office system in force in the legal division of the department of water and power whereby attorneys in charge of court cases were notified as to dates of appearances, hearing on appeal, time briefs were due, etc., so that the attorneys would be advised in advance in sufficient time to make their appearances and file briefs''; that a clerk in the legal division of the department of water and power ''was required to keep a record of all civil actions . . . and a calendar of appearances, hearing, appeals, brief due dates, etc.''; that through oversight and inadvertence such clerk neglected to notify the attorneys for the appellant ''that the time in which to file appellant's

opening brief . . . would expire January 1, 1930''; that the attorneys for appellant ''relied upon said system'' and did not know until the notice to dismiss the appeal was served ''that the time had elapsed within which to file appellant's opening brief.'' The affidavits further show that the proceeding involves the title to 11,720 acres of land of the value of $300,000.

█ It must be conceded that appellant's showing for relief is not strong and that it was not very diligent in making application therefor. On the other hand, it may be said that the appellant, being a municipality, must rely entirely upon its officers and agents; that the value of the property involved is large; and that it is apparent that the respondents have suffered no prejudice from the delay. ''It is the policy of the law to favor, wherever possible, a hearing on the merits.'' (*Waybright* v. *Anderson*, 200 Cal. 374, 377 [253 Pac. 148, 149].) ''Generally lawyers who are actively engaged in professional duties adopt a system or plan by which their manifold duties may be directed to their attention, and they become so accustomed to the functioning of the system that when a break in the chain occurs, they should not be held to the same strict accountability as though the habit of reliance upon the system had not been formed.'' (*H. G. B. Alexander & Co.* v. *Martz*, 90 Cal. App. 360, 361 [265 Pac. 881].) Reliance upon some such system is manifestly necessary in the legal department of a great city. The following additional cases illustrate the liberality exercised by the courts in relieving parties from their defaults where relief can be granted without injustice to other parties: *Gorman* v. *California Transit Co.*, 199 Cal. 246 [248 Pac. 923]; *Haviland* v. *Southern California Edison Co.*, 172 Cal. 601 [158 Pac. 328]; *Mardesich* v. *City of Los Angeles*, 100 Cal. App. 215 [279 Pac. 810]; *Yolo W. & P. Co.* v. *Edmands*, 45 Cal. App. 410 [187 Pac. 755]; *Borgmeyer* v. *Solomon*, 39 Cal. App. 106 [178 Pac. 544]; *Pacific Power Co.* v. *State*, 31 Cal. App. 719 [162 Pac. 641]; *Hagenkamp* v. *Equitable L. Assur. Soc.*, 29 Cal. App. 713 [156 Pac. 520].

The motion to dismiss the appeal is denied and the motion for relief from default is granted.

Thompson (R. L.), J., and Plummer, J., concurred.