[L. A. No. 12426. In Bank.—March 16, 1931.]

WILLIAM BRILL, Respondent, v. WALLACE I. FOX et al., Appellants.

Bodkin & Lucas, Stuart Silliman and Ben A. Hill, for Appellants.

Arthur Crum for Respondent.

THE COURT.—This is an appeal from an order denying the motion of defendants Wallace I. Fox and Haddie Fox, made under section 473 of the Code of Civil Procedure, to vacate and set aside a default judgment entered against them in an action to foreclose a mortgage.

The record shows that the foreclosure action was commenced January 21, 1930; that a copy of the complaint attached to an undated summons was served on these two defendants, in the county in which the action was commenced, on January 24, 1930; that their default was entered on February 8, 1930; that judgment was entered on February 17, 1930. It further appears that on February 23, 1930, defendants discovered that judgment had been entered against them, and called on plaintiff and his attorney the same day; that on February 25, 1930, defendants sought the advice of counsel, who caused a title search of the property to be made, and, on February 28, 1930, counsel informed defendants that they had a defense to the action; that on March 18, 1930, defendants served and, on March 19, 1930, filed a notice of motion to set aside the default.

By the complaint plaintiff sought to foreclose a mortgage on real property alleged to have been executed by the defendants Fox and wife, and to secure a deficiency judgment, if a deficiency should be found to exist. The complaint originally named Wallace B. and Amelia J. Allen as parties defendant, but plaintiff dismissed as to these defendants on February 14, 1930, six days after the default of the Foxes had been taken, and three days before judgment was entered against them.

Appellants contend that their default was taken by reason of "mistake, inadvertence, surprise and excusable neglect",

and that the trial court abused its discretion in denying to them the relief sought. In order to understand appellants' contentions in this regard, it is necessary to trace the history of the property which is the subject of the foreclosure action, as disclosed by the record herein.

On August 6, 1925, Brill, respondent herein, owned the real property in question. On that day, Brill sold the property to the appellants for $12,000, $7,000 being paid in cash, and the remainder evidenced by a promissory note, secured by a mortgage. It is this mortgage which is the subject of this action. On December 28, 1925, appellants sold the property to one Louis P. Mosti, who did not assume personal liability on the mortgage. Mosti, while owner of the property, subject to the above mortgage, borrowed $1500 from Brill, respondent herein, evidencing the indebtedness with his promissory note, secured by a deed of trust. Later, on June 19, 1926, Mosti sold the property to the Allens, originally defendants herein, the Allens assuming personal liability on the mortgage. There were no intervening liens between the Fox mortgage and the Mosti trust deed. Subsequently, Mosti defaulted on his $1500 note secured by the deed of trust, and the trustee sold the property to Brill, being conveyed to him by trustee's deed on August 24, 1927. Then, after appellants herein and their grantees had defaulted in payments on the $5,000 note, secured by this mortgage, this action of foreclosure was commenced, resulting in the taking of appellants' default, and the securing of a deficiency judgment against appellants in the sum of $4,898.08.

Appellants, in their verified answer filed with their affidavit of merits under section 473 of the Code of Civil Procedure, set up as a proposed defense that the lien of the mortgage was merged in the fee-simple title to the property acquired by respondent Brill by the trustee's deed naming Brill as grantee, dated August 14, 1927. Respondent does not contend that this defense is not a meritorious one, contenting himself with the position that appellants' default was entered due to their own gross negligence. The question as to the merits of the proposed defense is an important one, which apparently has never been directly passed upon by the courts of this state. We do not feel justified in determining whether or not the doctrine of merger would

apply to the facts of this case, that question being one to be determined by the trial court in the first instance upon all the evidence. ■ On the showing made by appellants, we will assume for the purpose of this motion that the proposed defense is a meritorious one, the only other question being as to whether the trial court abused its discretion in denying appellants' motion to be relieved from their default.

The affidavit of merits filed by appellants sets forth two major contentions, which it is contended demonstrate that the default of appellants was entered as a result of their inadvertence and excusable neglect.

1. That when appellants were served with a copy of the complaint and summons, they noted that the Allens had been made party defendants; that appellants knew that the Allens had purchased the property from Mosti in 1926, and believed in good faith that the Allens still owned the property; that, from the allegations contained in the complaint, appellants were induced to believe that the Allens were personally liable on the mortgage; that appellants believe that they (appellants) were liable only as sureties; that, because of this belief, appellants did not investigate the title. As a matter of law, although the Allens had personally assumed liability on the mortgage, they were not personally liable thereon, inasmuch as their grantor, Mosti, had not assumed the personal liability thereof. Respondent and his attorney were not aware of this fact when the complaint was filed and, for that reason, joined the Allens as party defendants. Both respondent and appellants could have discovered their mistake, had a search of the title been made. Of course, the mere fact that the Allens were or were not responsible would not relieve the appellants from liability on the mortgage as a matter of law, but, as a matter of practical consideration, it goes far in explaining appellants' neglect in failing to file an answer, believing, as they did, that the Allens would pay rather than permit a deficiency judgment to be taken against them. The allegations in the complaint as to the Allens' liability were, under such circumstances, of such a nature as reasonably to mislead the appellants. Both parties were laboring under a mistake of fact and law as to the Allens' liability.

2. That, at the time of service of the copy of the summons and complaint, appellants did not know that they had a meritorious defense to the action, based on the doctrine of merger, and that such lack of knowledge was not due to their neglect. It is alleged in the affidavit of merits that appellants believed that the Allens still owned the property and were unaware that Brill owned the property by virtue of the trustee's deed of August 14, 1927. Certainly there was nothing to put the appellants on inquiry concerning this fact. Assuming that the merger constitutes a complete defense to the foreclosure action, certainly appellants were justified in the belief that Brill had not become the owner of the property and so by his own acts rendered his cause of action valueless.

We are of the opinion that the allegations of the complaint, although made in good faith, were of such a nature as to have misled the appellants, and that this factor, coupled with the ignorance of appellants as to the facts giving rise to their alleged defense, constitutes sufficient reason for granting the relief sought by the appellants.

The legal principles underlying the granting of motions to set aside defaults are comparatively simple, and have been frequently announced by this court. ■ The question is primarily one within the discretion of the trial court, but this discretion is not capricious or arbitrary, but it is an impartial discretion guided and controlled in its exercise by fixed legal principles.

"It is not a mental discretion, to be exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice." (*Bailey* v. *Taaffe,* 29 Cal. 422, 424, quoted with approval in *Waite* v. *Southern Pac. Co.,* 192 Cal. 467, 470 [221 Pac. 204].) ■ It is also well settled that it is the policy of the law to bring about a trial on the merits wherever possible, so that any doubts which may exist should be resolved in favor of the application, to the end of securing a trial upon the merits. (*Jergins* v. *Schenck,* 162 Cal. 747, 748 [124 Pac. 426]; *Waite* v. *Southern Pac. Co., supra.*) Although it is true that courts of appeal have shown great reluctance in cases of this kind to disturb the order of the trial court, it is equally true that denials of such relief by

the trial court are scanned more carefully than cases where the trial court has granted the relief, to the end that wherever possible cases may be heard on their merits. (See *California Nat. Bank* v. *El Dorado L. & M. Co.,* 200 Cal. 452 [253 Pac. 704]; *Waite* v. *Southern Pac. Co., supra; Mitchell* v. *California etc. S. S. Co.,* 156 Cal. 576 [105 Pac. 590]; *Roehl* v. *Texas Co.,* 107 Cal. App. 708 [291 Pac. 262]; *Toon* v. *Pickwick Stages,* 66 Cal. App. 450 [226 Pac. 628].)

Tested by the above rules, we are of the opinion that the order of the trial court in this case should be reversed and the case heard on its merits. It does not appear that such a result will in any way injure respondent, except for the delay, and this injury can be taken care of by the trial court by the imposition of terms and conditions as provided for in section 473 of the Code of Civil Procedure.

For the reasons above indicated, the order refusing to vacate and set aside the judgment by default is reversed, and the cause remanded to the superior court, with direction to permit the defendants to file an answer to the plaintiff's complaint within such time as the court may deem proper, and upon such terms as may seem just.