[Civ. No. 29551. Second Dist., Div. Three. Apr. 6, 1967.]

NANCY ANNE NILSSON, Petitioner and Appellant, v. CITY OF LOS ANGELES, Defendant and Respondent.

Sussman & Spevack and Norman R. Spevack for Petitioner and Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, and John F. Haggerty, Deputy City Attorney, for Defendant and Respondent.

MOSS, J.—Appellant appeals from a minute order denying her petition for leave to present a late claim against the City

of Los Angeles filed pursuant to section 912 of the Government Code[1] after the statutory period of 100 days had expired, but before the expiration of one year from the date of the accrual of the cause of action.

The facts upon which appellant relies are set forth in the affidavit of her attorney, Norman R. Spevack, attached to her petition. The city filed no affidavits or declarations in opposition. Appellant was arrested on December 29, 1963. Charges were dropped and she was released from custody some time before January 2, 1964. While she was in custody she consulted an attorney who, on January 2, 1964, wrote a letter to the Los Angeles Police Department suggesting that his client might have a cause of action for false imprisonment and requesting the names of the complainants, the arresting officers, and the deputy district attorney contacted after the arrest. The time for presentation of a claim against the city expired on April 7, 1964, the 100th day after the arrest. (Gov. Code, § 911.2.) Mr. Spevack stated in his affidavit: "that because of an error in calendaring in affiant's office, the Claim for Damages which should have been filed with the City of Los Angeles on or before April 7, 1964 was actually filed on May 19, 1964. The late filing of the Claim for Damages was entirely due to an office error in calendaring a date, and clearly was not done for the purpose of prejudicing or in any manner hiding the fact that a claim was to be made. Further, immediately upon discovery of the late date, claim was presented and filed."[2] On September 19, 1964 appellant's attorney filed on her behalf an application for leave to present a late claim pursuant to section 911.4 of the Government Code. The city did not act upon the application within 35

[1] In 1964 section 912 provided in pertinent part: "(b) The superior court shall grant leave [to file a late claim] if the court finds that the application to the board [to file late] was made within a reasonable time not to exceed one year after the accrual of the cause of action and was denied . . . and that:

"(1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity . . . establishes that it would be prejudiced if leave to present the claim were granted; . . .

"(e) The court shall make an independent determination upon the application. The determination shall be made upon the basis of the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received at the hearing on the petition."

In 1965 section 912 was repealed and a modified procedure for obtaining judicial relief was set forth in section 946.6 of the Government Code.

[2] Mr. Spevack does not state anywhere in his affidavit who in his office committed the error, when and how it happened, and when and how he discovered the error.

days and it was therefore deemed denied on October 26, 1964. (Gov. Code, § 911.6.)[3]

Since appellant's application for leave to present a late claim was filed within one year after the accrual of her cause of action and no showing was made that the city would be prejudiced if such leave were granted, the trial court could only have based its order on a finding (1) that appellant did not make her application for leave to present a late claim within a reasonable time, or (2) that her failure to present her claim was not through mistake, inadvertence, surprise or excusable neglect, or (3) that a combination of the foregoing findings was true.

"The showing required of a petitioner seeking relief because of mistake, inadvertence, surprise or excusable neglect under section 912, subdivision (b)(1), of the Government Code is the same as required under section 473 of the Code of Civil Procedure for relieving a party from a default judgment. (See Van Alstyne, Cal. Government Tort Liability (Cont. Ed. Bar) § 8.29, pp. 388-389; n. 4, p. 711.)" (*Viles* v. *State of California*, 66 Cal.2d 24, 29 [56 Cal.Rptr. 666, 423 P.2d 818].)

Section 473 of the Code of Civil Procedure has been applied with liberality in relieving parties from their defaults where relief can be granted without injustice to other parties. (See *City of Los Angeles* v. *Board of Supervisors*, 105 Cal.App. 199, 201 [287 P. 135].) "An order denying relief runs counter to the law's policy encouraging trial and disposition on the merits. It is subject to closer appellate scrutiny than one granting relief, and doubts will be resolved in favor of the party attempting to get to trial." (*Daley* v. *County of Butte*, 227 Cal.App2d 380, 389 [38 Cal.Rptr. 693].)

"There is a well-established rule that appellate courts will not reverse the trial court except for abuse of discretion. This rule, however, does not preclude reversal of an order denying relief where adequate cause for such relief is shown by uncontradicted evidence in affidavits of the petitioner. . . ." (*Viles* v. *State of California, supra,* 66 Cal.2d 24, 28-29; *Beckley* v. *Reclamation Board,* 48 Cal.2d 710 [312 P.2d 1098] [plaintiff's attorney, a state senator, sought extension of time to plead because of legislative duties (material facts apparently uncontradicted)]; *Brill* v. *Fox,*

---

[3] The 35-day period was increased to 45 days by a 1965 amendment to section 911.6.

211 Cal. 739 [297 P. 25] [mistaken belief by defendants as to liability of codefendants induced in part by allegations of complaint, and ignorance of special defense (material facts apparently uncontradicted)] ; *Waite* v. *Southern Pac. Co.,* 192 Cal. 467 [221 P. 204] [defendant's attorney failed to answer under mistaken but honest belief that jurisdiction was in the federal court (material facts uncontradicted)] ; *Daley* v. *County of Butte, supra,* 227 Cal.App.2d 380 [dismissal for failure to prosecute within two years set aside where plaintiff's attorney totally neglected her case (material facts uncontradicted)] ; *Van Dyke* v. *MacMillan,* 162 Cal.App.2d 594 [328 P.2d 215] [on date set for trial in Yuba City, defendant's attorney on trial in Los Angeles and under treatment by a Los Angeles physician (no opposition to motion)] ; *Gore* v. *Witt,* 149 Cal.App.2d 681 [308 P.2d 770] [defendant mistaken as to date of service and misinformed his attorney who attempted to file answer after default taken (opposing affidavits filed but material facts undisputed)] ; *Roehl* v. *The Texas Co.,* 107 Cal.App. 708 [291 P. 262] [defendant corporation allowed default to be taken under mistaken belief that its motion to quash service would be granted (opposing affidavit filed)] ; *Toon* v. *Pickwick Stages, Inc.,* 66 Cal.App. 450 [226 P. 628] [employee of defendant's attorney inadvertently misfiled summons and complaint (no opposing affidavits filed)].)

In weighing a motion for relief under section 473 of the Code of Civil Procedure the trial judge could properly consider as a factor favoring relief the absence of any prejudice to the opposing party as the result of its order. (*Brill* v. *Fox, supra,* 211 Cal. 739, 744; *Waite* v. *Southern Pac. Co., supra,* 192 Cal. 467, 471; *Daley* v. *County of Butte, supra,* 227 Cal.App.2d 380, 395; *City of Los Angeles* v. *Board of Supervisors, supra,* 105 Cal.App. 199, 201; *Toon* v. *Pickwick Stages, Inc., supra,* 66 Cal.App. 450, 455.)

While not every mistake of an attorney constitutes excusable neglect (see, for example, cases cited in 3 Witkin, Cal. Procedure (1954) 2108), calendar errors by an attorney or a member of his staff are, under appropriate circumstances, excusable. (*Haviland* v. *Southern Cal. Edison Co.,* 172 Cal. 601, 605 [158 P. 328] ["It will hardly be claimed that the inadvertent entry of a wrong date in the book or journal in which defendant's attorneys kept a record of the proceedings to be taken by them could not fairly have been held by the trial court to furnish sufficient ground for relief under the

remedial provisions of section 473''] ; *Van Dyke* v. *MacMillan, supra,* 162 Cal.App.2d 594; *Stub* v. *Harrison,* 35 Cal.App. 2d 685 [96 P.2d 979] [before expiration of time to plead, son of defendant's attorney seriously injured, accumulation of work and distress caused attorney to forget due date of pleading] ; *Soda* v. *Marriott,* 130 Cal.App. 589 [20 P.2d 758], [attorney appointed to bench, office disbanded, unfinished business handled by one remaining attorney, cost bill filed late] ; *City of Los Angeles* v. *Board of Supervisors, supra,* 105 Cal.App. 199 [through oversight of calendar clerk in legal division of city department opening brief on appeal not timely filed] ; *H. G. B. Alexander & Co.* v. *Martz,* 90 Cal.App. 360 [265 P. 881] [calendar clerk employed by attorney for eight years became ill, neglected to enter time for filing brief] ; *Hagenkamp* v. *Equitable Life Assur.Soc.,* 29 Cal.App. ing] ; *Soda* v. *Marriott,* 130 Cal.App. 589 [20 P.2d 758] 713 [156 P. 520] [attorney mistakenly entered trial date on his calendar as August 8 instead of August 7, missed trial].)

In *Viles* v. *State of California, supra,* 66 Cal.2d 24, plaintiff's wife died in a highway collision in which his minor son was severely injured. Plaintiff's claim and that of his minor son against the State were based upon the asserted dangerous and defective condition of the highway. Plaintiff was contacted by representatives of the insurance companies insuring two of the cars involved in the collision and was advised that he had one year in which to file an action for wrongful death. Relying on this information he did not consult an attorney until almost nine months after the accident, when he first learned that a claim had to be presented not later than the 100th day after the accrual of the cause of action. Two weeks after consulting an attorney plaintiff and his minor son applied for leave to file a late claim. The son's application was granted, but plaintiff's was denied. His petition to the superior court for leave to present a late claim was denied without findings. The Supreme Court, in reversing the order of the trial court stated, ''Under the well-recognized policy of law to liberally construe remedial statutes designed to protect persons within their purview, and the modern trend of judicial decisions in favor of granting relief unless absolutely forbidden by statute (*Hobbs* v. *Northeast Sacramento County Sanitation Dist., supra,* 240 Cal.App.2d 552, 556 [49 Cal.Rptr. 606] ; *Gonzales* v. *County of Merced,* 214 Cal.App. 2d 761, 765 [29 Cal.Rptr. 675] ; *O'Brien* v. *City of Santa Monica,* 220 Cal.App.2d 67, 74-75 [9] [33 Cal.Rptr. 770] ) we

are of the opinion that the trial court's denial of the petition defeats the legislative objective and was an abuse of discretion.'' (66 Cal.2d 24, 32-33.)

Mr. Viles waited nine months to consult a lawyer who then two weeks later on his behalf made application for leave to present a late claim. Appellant Nilsson immediately consulted a lawyer who then waited nine months to make a similar application. We do not think the remedial purpose of section 912 would be served by granting relief to a claimant whose own neglect caused the delay as in *Viles* and denying relief to a claimant in the position of appellant whose attorney caused the delay. Indeed, this case is perhaps the stronger of the two because the courts ''are somewhat loath to penalize a litigant on account of some omission on the part of his attorney, particularly where the litigant himself has acted promptly and has relied, as in the instant case, upon the attorney to protect his rights.'' (*Stub* v. *Harrison, supra,* 35 Cal.App.2d 685, 689-690.)

We recognize that a claimant must act with reasonable diligence after discovering his default. (*Viles* v. *State of California, supra,* 66 Cal.2d 24, 31.) Plaintiff's attorney was not as diligent as Mr. Viles' attorney in preparing an application for leave to present a late claim; plaintiff's attorney waited several months while Mr. Viles' attorney acted within two weeks. However, in the absence of any showing of prejudice to the City, the delay in filing the application was immaterial. (*Waite* v. *Southern Pac. Co., supra,* 192 Cal. 467, 471 [more than five months' delay in seeking relief under § 473, Code Civ. Proc.]; *Morrill* v. *City of Santa Monica,* 223 Cal.App.2d 703 [35 Cal.Rptr. 924] [order granting leave to present claim of minor pursuant to former section 716 of the Government Code, affirmed]; *City of Los Angeles* v. *Board of Supervisors, supra,* 105 Cal.App. 199, 200 [opening brief due January 1, application for relief filed March 20.].)

The City points out that the affidavit of appellant's attorney does not state facts showing how the calendaring error occurred in that it does not indicate what office procedure was followed in order to make timely entries, nor does it indicate who made the error. We agree that the affidavit sets forth the crucial event in conclusional terms; however, conclusional or not, the averments of the affidavit became competent evidence when no objection to their use was made in the trial court. (*O'Brien* v. *City of Santa Monica, supra,* 220 Cal.App.2d 67, 74; *Falk* v. *Falk,* 48 Cal.App.2d 780, 789

[120 P.2d 720].) The failure to show an established office calendaring procedure was not a critical omission. (See *Toon v. Pickwick Stages, Inc., supra,* 66 Cal.App. 451, 453 [no established procedure, several changes in office staff] ; compare *H. G. B. Alexander & Co.* v. *Martz, supra,* 90 Cal.App. 360, 361 [same clerk for eight years].) Under the circumstances of this case the trial court's denial of the petition for leave to present a late claim was an abuse of its discretion.

The order is reversed.

Ford, P. J., and Cobey, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 31, 1967. Burke, J., was of the opinion that the petition should be granted.