[Civ. No. 36411. Second Dist., Div. Two. Dec. 15, 1970.]

PAULA M. FLORES et al., Plaintiffs and Appellants, v. BOARD OF SUPERVISORS OF LOS ANGELES COUNTY, Defendant and Respondent.

## Counsel

Arnold, Smith & Schwartz, Terence J. Mix and Jerome Smith for Plaintiffs and Appellants.

John D. Maharg, County Counsel, Van Hagenbaugh and Michael Thomas, Deputy County Counsel, for Defendant and Respondent.

## Opinion

**ROTH, P. J.**—This is an appeal from an order denying a petition for relief under section 946.6 of the Government Code from the tardy filing of a claim under section 911.2 of that code.

On March 15, 1969, appellants' child was delivered at the Los Angeles County-University of California Medical Center (Medical Center). Allegedly by reason of medically inappropriate procedures, a depressed skull fracture was occasioned during delivery and as a consequence the child died on the day of its birth.

Government Code, section 911.2 requires that a claim relating to a cause of action for death or for injury to a person be presented to the public entity involved not later than the 100th day after the accrual of the cause of action. At bench, that day would have been June 23, 1969.

On June 5, 1969, appellants contacted the firm of attorneys representing them on this appeal. They were advised of the difficulties inherent in a medical malpractice suit and reminded that only 18 days remained to file a claim against Medical Center. Appellants were uncertain whether they wanted to proceed, but nevertheless signed—by appellant Mr. Flores, only —medical authorization forms in order to "expedite the matter of obtaining the hospital records." No retainer agreement was signed and no advance toward costs was deposited by appellants with the law firm.

On June 12, Mr. Flores telephoned the firm and requested the firm to proceed with their claim. No costs were advanced. On June 16, a request having been made therefor, appellants remitted $30.00 to cover the costs of photocopying service for copies of hospital records. On June 23, the last day to file the claim, the law firm assertedly received a telephone call from the copying service to the effect that Medical Center would not allow the record to be copied unless appellants agreed to sign a document granting a lien on their case to the County of Los Angeles.

Thereafter, various documents relating to the hospital records were

passed between the copying service, appellants, the law firm and Medical Center until, 123 days having elapsed from the date of the child's death, an application for leave to present a late claim was filed pursuant to the provisions of Government Code, section 911.4. The legally salient fact for the purpose of this appeal is the candid admission of appellants' attorneys that the lateness of the claim was due to their failure to open a file which in turn would have reminded them of the 100-day limitation upon the presentation of appellants' claim.

After the critical oversight of appellants' attorneys, compounded by the asserted request for a lien by the hospital and the copying service, appellants' attorneys religiously followed the statutory requirements in pressing appellants' claim. ■ The Los Angeles County Board of Supervisors did not act on appellants' application to file a late claim. Such inaction amounted to a denial thereof. (Gov. Code, § 911.6, subd. (a).) Appellants then filed a petition under the authority of Government Code, section 946.6 in the superior court which is before us for an order relieving them from the requirement of filing a claim. The petition was denied by the trial court on the grounds that the late presentation of the claim was not due to excusable neglect, inadvertence, mistake or surprise.

We think it was improperly denied.

■ The showing required of a petitioner seeking relief under the authority of Government Code, section 946.6 on the grounds of mistake, inadvertence, surprise or excusable neglect is the same as required under section 473 of the Code of Civil Procedure for relieving a party from a default judgment. (*Viles* v. *State of California,* 66 Cal.2d 24, 29 [56 Cal.Rptr. 666, 423 P.2d 818].) ■ An order denying relief (under Code Civ. Proc., § 473) is subject to closer appellate scrutiny than one granting relief and doubt will be resolved in favor of the party attempting to get to trial. (*Daley* v. *County of Butte,* 227 Cal.App.2d 380, 389 [38 Cal.Rptr. 693].) ■ Under the facts as they have been presented in the affidavits we conclude that adequate grounds for relief have been presented in the case at bench.

"While not every mistake of an attorney constitutes excusable neglect (see, for example, cases cited in 3 Witkin, Cal. Procedure (1954) 2108), calendar errors by an attorney or a member of his staff are, under appropriate circumstances, excusable. (*Haviland* v. *Southern Cal. Edison Co.,* 172 Cal. 601, 605 [citation] ['It will hardly be claimed that the inadvertent entry of a wrong date in the book or journal in which defendant's attorneys kept a record of the proceedings to be taken by them could not fairly have been held by the trial court to furnish sufficient ground for relief under the remedial provisions of section 473']; *Van Dyke* v. *MacMillan, supra,* 162 Cal.App.2d 594 [328 P.2d 215]; *Stub* v. *Harrison,* 35 Cal.App.2d 685

[citation] [before expiration of time to plead, son of defendant's attorney seriously injured, accumulation of work and distress caused attorney to forget due date of pleading]; *Soda* v. *Marriott,* 130 Cal.App. 589 [citation], [attorney appointed to bench, office disbanded, unfinished business handled by one remaining attorney, cost bill filed late]; *City of Los Angeles* v. *Board of Supervisors, supra,* 105 Cal.App. 199 [287 P. 135] [through oversight of calendar clerk in legal division of city department opening brief on appeal not timely filed]; *H. G. B. Alexander & Co.* v. *Martz,* 90 Cal.App. 360 [citation] [calendar clerk employed by attorney for eight years became ill, neglected to enter time for filing brief]; *Hagenkamp* v. *Equitable Life Assur. Soc.,* 29 Cal.App. 713 [citation] [attorney mistakenly entered trial date on his calendar as August 8 instead of August 7, missed trial].)" (*Nilsson* v. *City of Los Angeles,* 249 Cal.App.2d 976, 980-981 [58 Cal.Rptr. 20].)

The cases cited by respondents are distinguishable from the line of authority set forth in *Nilsson. Shearman* v. *Jorgensen,* 106 Cal. 483 [39 P. 863] and *Ross* v. *San Diego Glazed Cement Pipe Co.,* 50 Cal.App. 170 [194 P. 1059], are instances where nothing but an entirely conclusory allegation of inadvertence was before the court; in *Slater* v. *Selover,* 25 Cal.App. 525 [144 P. 298], there was nothing but the cryptic statement that the responsible person had "forgot all about said action." *Id.* at p. 527. In *Etchepare* v. *Ehmke,* 137 Cal.App.2d 508 [290 P.2d 374], the explanation for the oversight was obviously fragmentary and did not account for the substantial lapse of time between the judgment and the motion to set it aside; in *Doyle* v. *Rice Ranch Oil Co.,* 28 Cal.App.2d 18, 19 [81 P.2d 980], the reviewing court apparently considered that the affidavit was insufficient, citing, inter alia, *Ross* v. *San Diego Glazed Cement Pipe Co., supra,* as authority for its decision. Finally, *Tammen* v. *County of San Diego,* 66 Cal.2d 468 [58 Cal.Rptr. 249, 426 P.2d 753], involved the unusual circumstance that the substantially unexplained delay of nearly one year's duration was cured by the operation of the newly passed tort claims statute; and that the explanation offered was not at all credible, in view of the lengthy delay.

In a recent case decided after the parties to the instant appeal had filed their briefs, the Court of Appeal affirmed an order denying a petition for relief under section 946.6 of the Government Code where an application for leave to file a late claim had been filed 119 days after the injury which had resulted in death. (*Bennett* v. *City of Los Angeles* (1970) 12 Cal.App.3d 116 [90 Cal.Rptr. 479].) In *Bennett,* the appellants, parents of a minor child who had been buried under a collapsing cement wall, had received a letter of condolence from the general manager of the city's department of airports; in their petition and on appeal, the parents contended that the letter misled them into thinking that the city would 'reimburse' them without the

necessity of filing a claim. As a result, the petitioners in *Bennett* delayed 119 days after the death of their child before consulting an attorney.

The disparity between *Bennett* and the case at bench is centered on the parents' failure in *Bennett* to take *any* action in pursuit of their claim, even though the matter of compensation had demonstrably been of concern to them throughout the entire period after their child's death. At bench, the parents consulted counsel, retained them and remitted the cost of copying the hospital records, all within the statutory 100 days. They, unlike the Bennetts, had taken every action to present their claim in a timely fashion. Only a relatively minor error of their attorneys, allegedly flowing from an ignorance of a nonstatutory rule of practice of Medical Center regarding the lien, prevents appellants from litigating their claim.

In addition to the fact that the affidavits in support of appellants' petition amply support the conclusion that their failure to file a timely claim was due to the causes alleged, there is no showing that the public entity at bench was in any way prejudiced by a late filing of the claim. The circumstance that the delay in the filing of appellants' application for leave to file a late claim occurred only 23 days after the lapse of the statutory period deserves special emphasis. The county has very clearly failed to sustain its burden of proof that it was prejudiced by the only delay which is chargeable to appellants, namely, a period of 23 days. (*Tammen* v. *County of San Diego,* 66 Cal.2d 468, 478 [58 Cal.Rptr. 249, 426 P.2d 753].)

In view of our disposition of this case, it is unnecessary to consider appellants' remaining contentions.

The judgment is reversed.

Fleming, J., and Compton, J., concurred.

A petition for a rehearing was denied January 8, 1971.