DALSIMER, J.
I respectfully dissent.
The majority indicates that the trial court record discloses that the appellant’s failure to file her claim within the 100-day period was found to be the result of inexcusable neglect. I do not so read the record.
The court’s minute order of July 2, 1981, merely states in pertinent part, “Petition is denied,” and does not reveal the grounds for the court’s decision. More importantly, as I read the record, it appears that the trial court found as a matter of law, rather than as a matter of fact, that the neglect or inadvertence of appellant’s counsel was inexcusable. At the hearing on appellant’s motion, the court expressed itself in colloquy with counsel as follows: “. . .1 must state that my personal sympathies do not lie with the Government Code section 946.6. I don’t like the whole government claim thing, because I think it operates as a very detrimental trap in many areas, but I don’t think I can make my ruling based on my personal likes and dislikes. [¶] Mr. Brown [respondent’s counsel]: If I could add to the argument and taking Your Honor’s comment, going further on another point, the alternative defense presented by our opposition in this matter is that there has been absolutely no showing by plaintiffs counsel of reasonable diligence to excuse the late filing of the claim. [¶] The Court: Well, I am coming down to that, because the trouble with it is that I have to follow the law as the law is set out. And the law as it is set out doesn’t suggest to me that this is an excusable item, [¶] Mr. Brown: Exactly. [¶] The Court: Counsel looks at the letter, and on the top it says, ‘County of Los Angeles,’ and he is more concerned with the content and less concerned with what [the letterhead] says.”
Assuming that the trial court did make a factual rather than a legal finding, I would hold that finding to work such a substantial miscarriage of justice as to *160 constitute an abuse of discretion. As the majority acknowledges, there is no question concerning appellant’s making her application to file a late claim within a reasonable time, as she did so two weeks after the respondent finally notified counsel that a claim would be necessary. Also, as the majority observes, the showing required by a petitioner seeking relief from the requirement of filing a timely claim on the grounds of mistake, inadvertence, surprise, or excusable neglect is the same as that required under Code of Civil Procedure section 473 for relieving a party from a default.
An order denying relief is subject to closer appellate scrutiny than one granting relief, and doubts should be resolved in favor of the party seeking a trial on the merits rather than in favor of a party seeking to avoid such a trial. (Schwartz v. Smookler (1962) 202 Cal.App.2d 76, 80 [20 Cal.Rptr. 507].) There are a myriad of cases affirming that the preferred course of action is to compel a trial on the merits, and thus orders denying relief from default should be more carefully scanned than those which grant relief. In Flores v. Board of Supervisors (1970) 13 Cal.App.3d 480 [91 Cal.Rptr. 717, 55 A.L.R.3d 925], the court reversed an order denying relief under Government Code section 946.6 from a failure to file a timely claim. In that case the trial court had decided that the late presentation of the claim was not due to excusable neglect or inadvertence where it was shown that petitioners’ counsel had failed to open a file on the case which would have alerted them to the 100-day limitation. In this case the county facility was thought by counsel to be a private hospital. Although counsel could have discovered by a close examination of the letter from the hospital that it was a county entity, the uncontradicted fact is that he did not make that discovery. Counsel explained that his failure to notice that fact was due to the nature of the letter sent to him by the hospital two days after he notified it of the incident. During oral argument in the trial court, counsel for appellant indicated that his attention was distracted from the letterhead because the portion of the form letter which was typed was typed in red ink. The statement by the court at page 485 of Flores v. Board of Supervisors, supra, 13 Cal.App.3d 480, applies with equal vigor here: “In addition to the fact that the affidavits in support of appellants’ petition amply support the conclusion that their failure to file a timely claim was due to the causes alleged, there is no showing that the public entity at bench was in any way prejudiced by a late filing of the claim. The circumstance that the delay in the filing of appellants’ application for leave to file a late claim occurred only 23 days after the lapse of the statutory period deserves special emphasis. The county has very clearly failed to sustain its burden of proof that it was prejudiced by the only delay which is chargeable to appellants, namely, a period of 23 days. [Citation.]” In the claim at bar the delay in filing the claim was also brief and there was not even a suggestion of prejudice to the county. Also, it should be emphasized that although the county facility replied in two days to counsel’s first letter by stating that appellant was not a patient, it waited more than three *161 months after two followup letters by counsel to advise appellant what it could have told her in the first letter, namely, that it was necessary to file a claim.
To hold as the trial court did that a lawyer’s failure to carefully scrutinize a letterhead is inexcusable appears to this writer to display a forgetfulness of the rigors of the practice of law. I deem such a holding to be arbitrary and capricious.
I would reverse the judgment.
On February 8, 1983, the opinion was modified to read as printed above. Appellant’s petition for a hearing by the Supreme Court was denied March 16, 1983. Bird, C. J., was of the opinion that the petition should be granted.