[No. C049717. Third Dist. Jan. 18, 2006.]

MANUEL RENTERIA, Plaintiff and Appellant, v.
JUVENILE JUSTICE, DEPARTMENT OF CORRECTIONS AND
REHABILITATION, Defendant and Respondent.

904

COUNSEL

The Drivon Law Firm and Davey L. Turner for Plaintiff and Appellant.

Bill Lockyer, Attorney General, James M. Humes and Frances T. Grunder, Assistant Attorneys General, Stephen P. Acquisto and Monica N. Anderson, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**SIMS, Acting P. J.**—Plaintiff Manuel Renteria asserts that, while he was incarcerated in a youth correctional facility, he was attacked and bitten by a dog that was under the control of an officer. Although seeking to hold division of Juvenile Justice, Department of Corrections and Rehabilitation (DJJ, formerly California Youth Authority), the State of California, the County of San Joaquin, and various individually named public employees not parties to this action responsible for his injuries, Renteria failed to present a timely government tort claim pursuant to Government Code sections 905 and 911.2 (undesignated statutory references are to the Government Code). His petition to file a late claim was denied by the superior court.

On appeal, Renteria argues the trial court abused its discretion in denying his petition for leave to file a late government tort claim. (§ 946.6.)[1] We agree. We shall reverse the order denying the petition and remand to the trial court for further proceedings.

### BACKGROUND

The nature of Renteria's claim is undisputed: he contends that on December 30, 2003, while he was incarcerated in the Chaderjian Youth Correctional Facility, he was attacked and bitten by a correctional officer's dog.

---

[1] An order denying a petition for relief under section 946.6 is appealable. (*Ebersol v. Cowan* (1983) 35 Cal.3d 427, 435, fn. 8 [197 Cal.Rptr. 601, 673 P.2d 271] (*Ebersol*).)

In May 2004 (all further dates are to events in that year), Renteria filed a petition in the superior court seeking an order "[t]o [p]erpetuate [t]estimony and/or [p]reserve [e]vidence" relating to the event.[2] Specifically, he sought to examine a videotape depicting the incident, and to preserve it "for use in the event an action is subsequently filed." His petition states that he "expects to be a plaintiff in an action . . . based [on] a violation of civil rights, assault and battery, negligent supervision and training when [he] was attacked by a dog under the control of Officers employed by the [DJJ]" (some capitalization omitted) and that the action "is expected to be filed" against the state, DJJ and officers employed by DJJ "for injuries and damages." Renteria's petition to preserve evidence was set for hearing on June 16.

On June 4, a deputy attorney general wrote a letter to Renteria's counsel, agreeing to preserve any videotape(s) relating to the incident without the need of a court order.

On July 9 (nine days after the six-month deadline), Renteria filed with the state Victim Compensation and Government Claims Board an application to file a late claim against DJJ (§ 911.4), asserting that his failure to file a claim within six months of the incident (i.e., by June 30) as required by statute was due to mistake, inadvertence and excusable neglect (§ 911.6, subd. (b)(1)), in that a secretary in his attorney's office "removed the 6-month public entity statute of limitations from our calendaring system after receiving the letter from [the deputy Attorney General] regarding our motion and Petition to preserve evidence[.]"

In support of his application, Patricia Ketchie, a secretary in the law firm acting as Renteria's counsel averred as follows: "One of my job duties is to input in our calendaring system all statute of limitations dates in all cases when a file is opened. This includes writing the statute in my hard calendar as well as inputting the date into our computer calendaring system. [¶] . . . [¶] On June 7, 2004 our office received a letter dated June 4, 2004, from the Attorney General's office acknowledging receipt of our original Notice of Motion and Petition as well as the Amended Notice of Motion and Petition and agreeing to preserve the evidence[.] [¶] Upon receipt and review of said letter, I assumed that our paralegal had served the State of California with the Governmental Claim and thereafter removed a 6-month public entity statute of limitations from our calendaring system. The removal of said statute was done by checking the written entry in my hard calendar and checking the entry off in our computer calendaring system." (Paragraph numbers omitted.)

---

[2] Renteria actually filed and served two such petitions: on May 13, he filed his original petition; an amended petition was filed a week later. Any reference to Renteria's petition to preserve evidence refers to the operative, amended petition.

Alternatively, Renteria styled his proposed claim as an "Amended Claim," asserting that his petition to preserve evidence "fulfilled all of the requirements and purposes of a claim and was, in fact, a 'claim' so as to provide these public entities with sufficient information to enable them to adequately investigate claims and settle them, if appropriate, without the expenses of litigation."

The Victim Compensation and Government Claims Board responded on August 4 that it had received Renteria's application and had forwarded it to the affected state agencies for review and recommendation, after which Renteria would be notified and the matter set for hearing. Renteria never received any further communication and his application was deemed rejected (§ 911.6, subd. (c)).

He then petitioned for judicial relief from the requirements of the claim presentation statutes on the ground that his failure to present the claim within the six-month limitation period was excusable (§ 946.6, subd. (c)(1)) because it was caused by a calendaring error or clerical error by the office of his attorney.

DJJ opposed Renteria's motion, arguing that his motion to preserve evidence did not satisfy the statutory claim filing requirements and the secretary's mistake did not excuse his failure to file a timely claim.

Following a hearing, the trial court denied Renteria's petition for leave to file a late claim against DJJ because "there is no sufficient reason to justify the delay" and rejected his alternative theory that the motion to preserve evidence substantially complied with the claim presentation requirement.

## DISCUSSION

### I

■ California's Tort Claims Act (the Act) authorizes limited governmental liability for injuries suffered as a result of the acts or omissions of public entities or their employees. (§§ 815.2, 815.6.) The Act establishes a uniform claims procedure, making the filing of a claim within a brief period of the injury a prerequisite to maintaining a suit for damages. (§§ 905, 905.2, 911.2, 945.4; *Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1776 [39 Cal.Rptr.2d 860] (*Munoz*).)

Under the Act, a person who wishes to sue a public entity "for money or damages" based on a cause of action relating to personal injuries must first present a claim to the entity within six months of the date the cause of action

accrues. (§§ 911.2 & 945.4.) The claim presentation requirement of section 911.2 serves several purposes: "(1) it gives the public entity prompt notice of a claim so it can investigate the strengths and weaknesses of the claim while the evidence is still fresh and the witnesses are available; (2) it affords opportunity for amicable adjustment, thereby avoiding expenditure of public funds in needless litigation; and (3) it informs the public entity of potential liability so it can better prepare for the upcoming fiscal year." (*Munoz, supra,* 33 Cal.App.4th at p. 1776.)

If the claim is not timely presented, an application for leave to present a late claim may be made within a reasonable time, not to exceed one year of the date the cause of action accrues. (§ 911.4.) The board of the public entity has 45 days to grant or deny the late claim application; the application will be deemed denied if the board fails to act. (§ 911.6.) If the application is denied, the claimant may petition the trial court for relief from the requirement of presentation of a timely filed claim as a precondition to bringing suit. (§ 946.6, subds. (a), (b)(1)–(3).)[3]

■ Relief from the failure to timely present a government tort claim is available only if the petitioner establishes by a preponderance of the evidence the failure was "through mistake, inadvertence, surprise, or excusable neglect." (§ 946.6, subd. (c)(1); see *Shank v. County of Los Angeles* (1983) 139 Cal.App.3d 152, 156 [188 Cal.Rptr. 644].) However, "[t]he mere recital of

---

[3] Section 946.6 states in pertinent part: "(a) If an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from Section 945.4. . . .

"(b) The petition shall show each of the following:

"(1) That application was made to the board under Section 911.4 and was denied or deemed denied.

"(2) The reason for failure to present the claim within the time limit specified in Section 911.2.

"(3) The information required by Section 910.

"The petition shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to Section 911.6.

"(c) The court shall relieve the petitioner from the requirements of Section 945.4 if the court finds that the application to the board under Section 911.4 was made within a reasonable time not to exceed that specified in subdivision (b) of Section 911.4 and was denied or deemed denied pursuant to Section 911.6 and that one or more of the following is applicable:

"(1) The failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from the requirements of Section 945.4.

"(2) The person who sustained the alleged injury, damage or loss was a minor during all of the time specified in Section 911.2 for the presentation of the claim. [¶] . . . [¶]

"(e) The court shall make an independent determination upon the petition. The determination shall be made upon the basis of the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received at the hearing on the petition.

"(f) If the court makes an order relieving the petitioner from Section 945.4, suit on the cause of action to which the claim relates shall be filed with the court within 30 days thereafter."

mistake, inadvertence, surprise or excusable neglect is not sufficient to warrant relief. Relief on grounds of mistake, inadvertence, surprise or excusable neglect is available only on a showing that the claimant's failure to timely present a claim was reasonable when tested by the objective 'reasonably prudent person' standard. The definition of excusable neglect is defined as 'neglect that might have been the act or omission of a reasonably prudent person under the same or similar circumstances.' " (*Department of Water & Power v. Superior Court* (2000) 82 Cal.App.4th 1288, 1293 [99 Cal.Rptr.2d 173], quoting *Ebersol, supra,* 35 Cal.3d 427, 435; see also *People ex rel. Dept. of Transportation v. Superior Court* (2003) 105 Cal.App.4th 39, 44 [129 Cal.Rptr.2d 60].)

Once it has been shown that an application for leave to file a late claim was made within a reasonable time and that the failure to present a timely claim was through mistake, inadvertence, surprise or excusable neglect, the burden shifts to the public entity to establish by a preponderance of the evidence that it would be prejudiced if the court relieves the petitioner from the six-month claim presentation requirements. (*Ramariz v. County of Merced* (1987) 194 Cal.App.3d 684, 688–689 [239 Cal.Rptr. 774].)

■  We review the trial court's refusal to grant relief under section 946.6 under an abuse of discretion standard. "Abuse of discretion is shown where uncontradicted evidence or affidavits of the petitioner establish adequate cause for relief." (*Ebersol, supra,* 35 Cal.3d at p. 435.) "Section 946.6 is a remedial statute intended 'to provide relief from technical rules that otherwise provide a trap for the unwary claimant.' [Citations.] As such, it is construed in favor of relief whenever possible. [Citation.]" (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 275 [228 Cal.Rptr. 190, 721 P.2d 71] (*Bettencourt*); see also *Viles v. State of California* (1967) 66 Cal.2d 24, 28–29 [56 Cal.Rptr. 666, 423 P.2d 818].) Moreover, "a trial court decision denying relief will be scrutinized more carefully than an order granting relief. [Citation.]" (*Bettencourt, supra,* 42 Cal.3d at p. 276; see *Viles, supra,* 66 Cal.2d at p. 29.)

## II

Renteria argues on appeal the trial court abused its discretion in denying his motion to file a late claim on the ground his excuse was not "sufficient . . . to justify the delay." We agree.

In *Bettencourt, supra,* 42 Cal.3d 270, the plaintiffs sought relief pursuant to section 946.6 after their attorney timely filed a tort claim with the wrong public entity (the state instead of the appropriate community college district). Writing that "[i]n deciding whether counsel's error is excusable, this court

looks to: (1) the nature of the mistake or neglect; and (2) whether counsel was otherwise diligent in investigating and pursuing the claim" (42 Cal.3d at p. 276), the Supreme Court found the neglect to timely file a claim with the proper entity excusable, even though counsel's declaration did not provide the reason why he mistook the identity of one public entity for another nor how he finally discovered the error, concluding that these omissions alone did not provide a proper basis for denying relief. (*Id.* at p. 280.) The court further stated that although counsel's declaration could have been more specific, any doubts had to be resolved in favor of granting relief. (*Ibid.*)

Along the way, the majority favorably reviewed two Court of Appeal decisions in which the appellate panels concluded the trial court abused its discretion in refusing to find an attorney's neglect excusable. In *Nilsson v. City of Los Angeles* (1967) 249 Cal.App.2d 976, 980 [58 Cal.Rptr. 20], the Court of Appeal wrote that "calendar errors by an attorney or a member of his staff are, under appropriate circumstances, excusable." Although the law firm's failure to calendar the then 100-day statute for filing a tort claim was unexplained, the reviewing court determined it was excusable. Similarly, in *Flores v. Board of Supervisors* (1970) 13 Cal.App.3d 480 [91 Cal.Rptr. 717], the appellate panel excused an attorney's neglect in missing the 100-day claim presentation deadline. The law firm was retained within two weeks of the 100-day statute. The attorneys immediately began investigating the claim and opening pertinent records, but they neglected to formally create a file. They quickly discovered the mistake and promptly sought to rectify it.

Decisions finding the quantum of "excusable neglect" necessary to justify relief under Code of Civil Procedure section 473 are also helpful to our analysis. (*Bettencourt, supra,* 42 Cal.3d at p. 275, fn. 5 ["The showing required of a party seeking relief under section 946.6 is the same as that required under section 473 of the Code of Civil Procedure"].) Courts have found excusable neglect warranting relief under Code of Civil Procedure section 473 when an associate attorney misinterpreted the instructions of the lead attorney and gave incorrect information at a hearing (*Bergloff v. Reynolds* (1960) 181 Cal.App.2d 349, 358–359 [5 Cal.Rptr. 461]) and an attorney's secretary lost the answer to be filed (*Alderman v. Jacobs* (1954) 128 Cal.App.2d 273, 275–276 [274 P.2d 930]; see also 8 Witkin, Cal. Procedure (4th ed. 1997) Attack on Judgment in Trial Court, § 167, pp. 671–673 ["A number of cases deal with the realities of office practice, including the inevitable misfiling of papers or erroneous clerical entries, and usually this neglect is considered excusable"]).

Together, these cases show that relief has been deemed proper when—as here—an attorney relies on a member of his or her staff to perform certain tasks, including calendaring deadlines, and the staff member errs.

■ Mindful of the fact that we review with greater scrutiny decisions denying relief under section 946.6, we conclude here that the trial court's denial of relief constitutes an abuse of discretion, whether it rests on an implicit determination that the attorney's reliance on his office calendaring system was inexcusable, or on a finding that the secretary's erroneous removal of the claim filing date from the calendar was inexcusable. The attorney's reliance on an existing office calendar system was not unreasonable. "Generally lawyers who are actively engaged in professional duties adopt a system or plan by which their manifold duties may be directed to their attention, and they become so accustomed to the functioning of the system that when a break in the chain occurs, they should not be held to the same strict accountability as though the habit of reliance upon the system had not been formed." (*H.G.B. Alexander & Co. v. Martz* (1928) 90 Cal.App. 360, 361 [265 P. 881].) Nor was it unreasonable (albeit mistaken) for the calendaring secretary to assume that a public entity that has promised to preserve evidence for litigation of a claim has received notice of that claim.

Renteria has also established that he complied with the requirement that a party seeking relief under section 946.6 must act diligently: within the six-month claim period, he had obtained legal counsel, and his attorney had acted reasonably diligently on his behalf in pursuing the claim by, for example, identifying the public entities and individuals with potential liability, conducting such investigation as revealed the existence of videotape evidence of the event giving rise to his claim, and securing the preservation of that evidence. (See *Ebersol, supra,* 35 Cal.3d at p. 439; *People ex rel. Dept. of Transportation v. Superior Court, supra,* 105 Cal.App.4th at pp. 44–45.) His counsel also moved promptly, once the error was discovered, to seek permission to file a late claim and, when he received no response, to seek judicial review.

Having concluded Renteria has otherwise established his right to relief, we finally observe DJJ has not demonstrated it would be prejudiced by the granting of that relief.[4] This is not surprising, given that Renteria's application to file a late claim was filed only nine days after the six-month deadline.

We do not view this as a close case. We are frankly at a loss to understand why the trial court denied Renteria's petition.

---

[4] DJJ suggests it might be prejudiced if we agreed with Renteria's alternate argument on appeal—that his motion to preserve evidence constituted substantial compliance with the claim presentation statutes. Having disposed of this appeal on the ground the trial court abused its discretion in refusing to grant relief from the claims presentation deadline, we need not consider whether Renteria's motion to preserve evidence may also have constituted substantial compliance with the claim presentation statutes.

## DISPOSITION

The order denying Renteria's request for relief under Government Code section 946.6 is reversed. The matter is remanded to the trial court for further proceedings.

Raye, J., and Butz, J., concurred.