Filed 12/19/24  Ramirez v. Moreno Valley Unified School Dist. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SILVIA RAMIREZ et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> MORENO VALLEY UNIFIED SCHOOL DISTRICT et al., <br><br> Defendants and Respondents. | D083775 <br><br><br> (Super. Ct. No. CVRI2304026) |

APPEAL from an order of the Superior Court of Riverside County, Chad Firetag, Judge.  Affirmed in part; reversed in part.

The Dominguez Firm, Angella Farokhzad and Javier Ramirez; Law Offices of Olaf J. Muller and Olaf J. Muller for Plaintiffs and Appellants.

Aarvig & Associates, Maria K. Aarvig and Diane K. Huntley for Defendants and Respondents.

### INTRODUCTION

Silvia Ramirez and her granddaughter, S.M. (collectively, plaintiffs), appeal from the denial of their petition for relief from the notice requirements

of the Government Claims Act (Gov. Code, § 810 et seq.).[1] Plaintiffs' attorneys missed the strict, six-month deadline to present their personal injury claim to Moreno Valley Unified School District (the District). (§ 911.2.) They contend the trial court abused its discretion when it ruled their attorneys failed to demonstrate the error was the result of excusable neglect within the meaning of section 946.6, subdivision (c)(1). As to Ramirez only, we disagree and affirm. However, as to S.M., we reverse the trial court's order. As a minor at the time of the accident and during all relevant proceedings, S.M. was entitled to file a late claim without a showing of excusable neglect. (§ 946.6, subd. (c)(2).)

FACTS AND PROCEEDINGS

I.

*Missed Deadline*

Ramirez and S.M. were in a car accident on August 12, 2022. On August 29, they retained The Dominguez Firm to sue the driver of the other vehicle and the driver's employer, the District. The District is a government entity within the meaning of section 811.2. Matthew K. Joy was the attorney from the firm assigned to handle plaintiffs' case.

Plaintiffs' attorneys knew claims against public entities and public employees are subject to a provision of the Government Code that requires the presentation of a damages claim "not later than six months after the accrual of the cause of action" whenever a public entity is sued for personal injury. (§ 911.2.) The Dominguez Firm nevertheless failed to present the District with a damages claim before the deadline. The parties agree the deadline was February 8, 2023.

---

[1]     Undesignated statutory references are to the Government Code.

Almost three months after the deadline passed, on May 1, 2023, Joy sent a settlement offer to the District. On May 17, the District responded to Joy's offer by informing him that plaintiffs had not presented a damages claim within six months of the accident as required by section 911.2. On June 1, Joy replied by mailing the District an application for leave to present a late claim pursuant to section 911.4. The District denied the application on June 28 and provided plaintiffs with the following required warning: "If you wish to file a court action in this matter, you must first petition the appropriate court for an order relieving you from the provisions of Government Code section 945.4." (§ 911.8.)

## II.

### *Petition to Present Late Claim*

On August 4, 2023, plaintiffs filed a complaint for personal injury damages against the District in superior court. The complaint was accompanied by an application for appointment of a guardian ad litem for S.M., who was then 14 years old. On August 7, the trial court approved the application and appointed S.M.'s mother to be her guardian. Approximately two weeks later, on August 16, plaintiffs filed a petition pursuant to section 946.6 seeking relief from the missed deadline "on the basis that the failure to originally present a claim [to the District] was the result of mistake, inadvertence, surprise or excusable neglect."

In his first declaration supporting the petition, Joy attributed the firm's failure to comply with the deadline to a calendaring mistake. According to Joy, The Dominguez Firm used a paperless case management system to manage its case load including calendaring deadlines. The program "contained a box to be checked off for claims involving government entities in order to trigger the 6-month reminder" to file a damages claim in cases to be

3

filed against a government entity. In plaintiffs' case, however, "the intake employee . . . who opened [the] file electronically on August 30, 2022, neglected to check the appropriate box to indicate that claims against a government entity were involved. As such, no further reminders were triggered in the . . . system to file the necessary government claim form on or before February 8, 2023, the 6-month date."

Joy claimed he did not discover the mistake until May 17, 2023, when he received the letter from the District informing him that plaintiffs had failed to comply with section 911.2. According to Joy, "[a]t that time, [he] reviewed the file and discovered that due [to] the neglect of the intake employee, th[e] matter was not properly classified and [he] did not timely file the government claim form. [He] also discovered at that time that due to [his] and [his] staff's mistake, inadvertence, surprise or excusable neglect, [he] had not otherwise realized that the government claim form was not timely filed and that the proper box had not been checked in the . . . computer system when the file had been opened initially in August 2022."

In opposition, the District challenged Joy's explanation as inexcusable. The District pointed out that Joy admitted to personally signing the settlement letter sent on May 1, 2023, which was "clearly addressed to the School District." Nevertheless, despite personally signing the letter, Joy did not notice the file was missing a timely filed damages claim until several weeks later when the District responded to the settlement letter. Based on these facts, the District interpreted Joy's declaration to be an admission that Joy did not review the file or perform any work on the case at all for eight months.

4

Plaintiffs filed a reply in which they argued relief was mandatory pursuant to section 946.6, subdivision (c)(1), because of the particular type of calendaring error that had occurred.

In its tentative ruling, the trial court expressed concern that Joy's declaration—as the court understood it—indicated Joy had not reviewed the file at all in the eight months between the date his law firm was hired and his discovery of the missed deadline. After hearing argument, the court continued the hearing "to permit [p]laintiffs' counsel an opportunity to file an updated declaration and to allow [the District] to provide a response to the declaration."

In his second declaration, Joy claimed—for the very first time—that plaintiffs' file contained a certified mail receipt dated January 9, 2023, showing delivery of an unspecified document to the District. Joy attached a copy of the certified mail receipt as an exhibit, but did not attach a copy of the document that had purportedly been delivered to the District. Joy then averred he made a practice of reviewing his files on a monthly basis while his clients completed their medical treatment. He had followed this practice in plaintiffs' case, but when looking at the file, he had assumed the certified mail receipt was for the damages claim required by section 911.2. He claimed, "It was not until May 17, 2023, when my office received the rejection from [the District], that I realized a claim had never been filed. When I checked what the January 9, 2023 return receipt belonged to, there was no government tort claim attached. I then determined that the office protocol had not been followed as well."

Joy did not divulge who at his firm mailed the unspecified document to the District. He did not explain why a document other than the required damages claim had been sent. He did not explain why he failed to mention

such an important detail in his first declaration. He did not explain how the settlement letter, which contained much of the same information that was required to be presented in the damages claim, was drafted without anyone noticing the damages claim had not been sent.

After providing plaintiffs the opportunity to file a second declaration in support of their petition, the trial court denied the petition for two reasons. First, the court ruled plaintiffs' written application to the District for permission to present a late claim was untimely. (§ 911.4.) Second, the court ruled plaintiffs failed to establish their attorneys' neglect was excusable, as opposed to inexcusable. Citing to *Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1773 (*Munoz*), the court explained that a " '[plaintiff] or counsel for a [plaintiff] must show more than the mere failure to discover a fact until too late; he or she must establish the failure to discover that fact in the use of reasonable diligence.' " Critical here, the court agreed with the District that Joy's second declaration "contradict[ed] [p]laintiffs' earlier claim that the delay was caused by the neglect of an intake employee." The court found the second declaration was "not persuasive" and "present[ed] an entirely new basis for relief."

DISCUSSION

I.

*Plaintiffs Fail to Establish Excusable Neglect*

"As a general rule, a plaintiff must present a public entity with a timely written claim for damages before filing suit against it." (*J.M. v. Huntington Beach Union High School Dist.* (2017) 2 Cal.5th 648, 652 (*J.M.*).) "A claim relating to a cause of action . . . for injury to person . . . [must] be presented . . . not later than six months after the accrual of the cause of action." (§ 911.2, subd. (a).) If the injured party fails to file a timely claim, "a

6

written application" may be made to the public entity for leave to present such a claim after the deadline.  (§ 911.4.)  If a public entity denies an application to file a late claim, the injured party may petition the superior court for relief from the claim presentation requirement of section 945.4.  (§ 946.6.)

Trial courts are required to grant relief from the six-month deadline pursuant to section 946.6 when:  "(1) the application to the public entity seeking relief [from the deadline] was made within a reasonable time; (2) failure to timely present the claim was caused by mistake, inadvertence, surprise or *excusable* neglect; and (3) the public entity does not demonstrate that it will be prejudiced if relief is granted." (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 275 (*Bettencourt*), italics added.)  In deciding whether an error by counsel was excusable or inexcusable, courts assess "(1) the nature of the mistake or neglect; and (2) whether counsel was otherwise diligent in investigating and pursuing the claim." (*Ibid.*)  As part of this assessment, courts inquire whether "a reasonably prudent person under the same or similar circumstances" might have made the same error.  (*Ebersol v. Cowan* (1983) 35 Cal.3d 427, 435 (*Ebersol*).)  "The decision to grant or deny a petition seeking relief under section 946.6 is within the sound discretion of the trial court and will not be disturbed on appeal except for an abuse of discretion." (*Bettencourt,* at p. 275.)

As plaintiffs point out, there is a strong "policy in California favoring trial on the merits." (*Bettencourt, supra*, 42 Cal.3d at p. 276.)  This means "any doubts" about the merits of a petition for relief pursuant to section 946.6 "should be resolved in favor of granting relief." (*Bettencourt*, at p. 276.)  "Consequently, where *uncontradicted* evidence or affidavits of the petitioner

7

establish adequate cause for relief, denial of relief constitutes an abuse of discretion."  (*Ibid.,* italics added.)

Here, plaintiffs concede they missed the six-month deadline to present the District with the required damages claim.  They contend the trial court abused its discretion by refusing to grant relief from the error, because the calendaring error described by Joy was purportedly based on "undisputed facts," and is the type of calendaring error that mandates relief.  We disagree and hold the court did not abuse its discretion.  The insurmountable problem with plaintiffs' argument is the court did not give credit to Joy's second declaration.  The court specifically found it was "not persuasive."  It agreed with the District that Joy's second declaration "contradict[ed]" his first one and "presented an entirely new basis for relief."

We agree with plaintiffs that the initial mistake by the intake employee—as described by Joy in his first declaration—was exactly the type of "excusable neglect" involving a calendaring error where relief can be mandatory.  In *Renteria v. Juvenile Justice, Department of Corrections & Rehabilitation* (2006) 135 Cal.App.4th 903, 912 (*Renteria*), for example, trial counsel's secretary mistakenly removed the calendar entry for the claim filing deadline from the office calendaring system.  The Court of Appeal held it was an abuse of discretion to deny relief pursuant to section 946.6 when it was clear the attorney's reliance on his secretary and the calendaring system was reasonable.  (*Renteria*, at p. 912.)  Similarly, in *Flores v. Board of Supervisors* (1970) 13 Cal.App.3d 480 (*Flores*), the Court of Appeal found it was an abuse of discretion to deny relief when counsel was retained at the last minute and began diligently working on the case but failed to formally open a file and trigger a calendar reminder for the six-month deadline.

8

But here, unlike *Renteria* and *Flores,* there was ample evidence for the trial court to conclude it was "inexcusable neglect" to fail to *discover and correct* the calendaring error. As noted, to establish excusable neglect, a petitioner "must show more than the mere failure to discover a fact until too late; [the petitioner] must establish the failure to discover that fact in the use of reasonable diligence." (*Munoz, supra*, 33 Cal.App.4th at p. 1783.) In *Renteria* and *Flores*, the calendaring errors were discovered without unreasonable delay. (*Renteria, supra*, 135 Cal.App.4th at p. 907 [error discovered approximately one month after it was made]; *Flores, supra*, 13 Cal.App.3d at p. 482 [same].) Here, by contrast, The Dominguez Firm claims to have not discovered the calendaring error for eight months. This is what the trial court found inexcusable.

Plaintiffs take issue with the trial court's factual findings, arguing they are not supported by the evidence because they purportedly conflict with "undisputed facts." Significantly, because plaintiffs challenge the trial courts factual findings, our assessment of their contentions necessarily applies the " 'substantial evidence component' " of the abuse of discretion standard of review. (*McDermott Will & Emery LLP v. Superior Court* (2017) 10 Cal.App.5th 1083, 1121 (*McDermott*).) The abuse of discretion standard measures "whether, *given the established evidence,* the lower court's action falls within the permissible range of options set by the legal criteria." (*Robbins v. Alibrandi* (2005) 127 Cal.App.4th 438, 452, italics added [cleaned up].) Consequently, "[a] trial court abuses its discretion when the factual findings critical to its decision find no support in the evidence." (*People v. Cluff* (2001) 87 Cal.App.4th 991, 998.) Appellate courts therefore "defer to the trial court's factual findings so long as they are supported by substantial evidence, and [then] determine whether, under those facts, the court abused

9

its discretion." (*Tire Distributors, Inc. v. Cobrae* (2005) 132 Cal.App.4th 538, 544.) Put another way, "[t]he abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711–712, fns. omitted.)

Substantial evidence is defined as evidence that is "reasonable, credible and of solid value." (*Roddenberry v. Roddenberry* (1996) 44 Cal.App.4th 634, 654.) When an appellate court assesses a trial court's ruling for substantial evidence, "the trial court's order is presumed correct; all intendments and presumptions are indulged to support it; conflicts in the declarations must be resolved in favor of the prevailing party, and the trial court's resolution of any factual disputes arising from the evidence is conclusive." (*McDermott, supra*, 10 Cal.App.5th at 1121 [cleaned up].) And "when conflicting inferences may be drawn from undisputed facts, the reviewing court must accept the inference drawn by the trier of fact so long as it is reasonable." (*Boling v. Public Employment Relations Bd.* (2018) 5 Cal.5th 898, 913.)

Plaintiffs contend the trial court's written ruling incorrectly states that Joy "admitted" he did not review plaintiffs' file until May 17, 2023; that he did not realize the District was a public entity; and that he failed to follow office protocol when he did not double check that the calendar deadline was correct. We disagree. These findings—when they are read in context and when the correct standard of review is applied—find support in the record and are not unreasonable.

In terms of context, the key question before the trial court was whether Joy employed a reasonable level of detail to monitor the case so as to excuse his failure to discover the alleged calendaring error, such that it could find a "reasonably prudent person under the same or similar circumstances" might have made the same error. (*Ebersol, supra*, 35 Cal.3d at p. 435.) In this context, the upshot of the court's ruling is that whatever Joy may have meant when he said he "reviewed the file," it was too superficial to meet the definition of the type of file review a reasonably prudent person would have conducted over the course of eight months, and in this sense, Joy did not conduct a review of the file. The court's inferences with respect to this point were entirely reasonable.

Presenting a government entity with a damages claim is a milepost litigation event. The trial court could reasonably infer the review Joy conducted, if any, was unreasonable to the extent it was so cursory he failed to put two and two together and realize that a monumentally important document had not been properly calendared. This is what we understand the court to have meant when it found that Joy "did not even review the file closely enough to find out that the claim involved a public entity." It is also a reasonable inference from Joy's admission he made a "mistake" when he failed to double check the calendaring deadline that this was a breach of "office protocol." When evaluating the evidence on appeal, we are required to draw all inferences in favor of the prevailing party and accept the trial court's resolution of conflicts in the evidence. (*Clark v. Superior Court* (2011) 196 Cal.App.4th 37, 46–47.)

Based on Joy's second declaration, plaintiffs similarly contend it is "indisputabl[e]" he mistakenly believed a damages claim had been sent to the District when he saw the certified mail receipts in the file. They argue Joy

11

would not have sent the settlement demand letter if he thought notice had not been sent at that time.  In support of this contention, they point to a file note in The Dominguez Firm case management system, which they claim must be credited to show that Joy mistakenly believed a damages claim had been sent to the District.  They claim they are entitled to relief because the District did not submit evidence that contradicts Joy's second declaration.

These contentions fail, because the trial court specifically found that Joy's second declaration was "not persuasive."  It is true, as plaintiffs point out, the general rule is "the unimpeached and uncontradicted testimony of a witness, not inherently improbable, cannot be arbitrarily disregarded and should be accepted as true by the trier of fact."  (*Camp v. Ortega* (1962) 209 Cal.App.2d 275, 281.)  But the rule is subject to many exceptions, including that "[u]ncontradicted testimony may be disbelieved because there are so many omissions in a witness'[s] account of a particular transaction or of his own conduct as to discredit his whole story."  (*Tammen v. San Diego County* (1967) 66 Cal.2d 468, 477.)  In keeping with this rule, the court pointed out that Joy's first declaration omitted all mention of material facts that were subsequently recounted for the very first time in the second declaration.  It found the new declaration "present[ed] an entirely new basis for relief," which "contradict[ed] [p]laintiffs' earlier claim that the delay was caused by the neglect of an intake employee."  The court's conclusion was supported by substantial evidence.

As noted, the second declaration failed to explain why a document other than the required damages claim had been sent by certified mail to the District, why such an important detail was omitted in Joy's first declaration, and how the settlement letter, which contained much of the same information that was required to be presented in the damages claim, had been drafted

without anyone noticing the damages claim had not been sent. On these facts, the trial court was not required to credit Joy's second declaration, or even his first. Substantial evidence thus supported the trial court's finding that the failure of plaintiffs' counsel to discover the firm's calendaring error was inexcusable neglect. The trial court therefore did not abuse its discretion when it denied plaintiffs' petition for relief on this ground. But as we explain next, S.M. was entitled to relief, even absent a showing of excusable neglect, because she was a minor.

## II.

### *S.M. Qualifies for Relief Because She Is a Minor*

For the first time on appeal, S.M. contends she is entitled to file a late claim because she is a minor. Section 911.6, subdivision (b)(2), states that a public entity "shall" grant a late claim application if "[t]he person who sustained the alleged injury . . . was a minor during all of the time . . . for the presentation of the claim." A minor is entitled to relief under this subdivision no matter whether the minor's parents or counsel acted diligently, so long as the application is made within the year after the cause of action accrued. (*Hernandez v. County of Los Angeles* (1986) 42 Cal.3d 1020, 1028.) These criteria are satisfied here. The accident occurred on August 12, 2022. S.M.'s unopposed request for appointment of a guardian ad litem shows she was 13 years old at the time of the accident. And her application to the District for leave to present a late claim pursuant to section 911.4 was mailed less than a year later on June 1, 2023.

We exercise our discretion to address this issue for the first time on appeal. (*Williams v. Mariposa County Unified Sch. Dist.* (1978) 82 Cal.App.3d 843, 850.) Plaintiffs' attorneys did not raise this ground for relief on behalf of S.M. in their application for relief to the District pursuant

13

to section 911.4. They also failed to raise this issue in their petition for relief pursuant to section 946.6 in the trial court. S.M.'s status as a minor, however, was prominently disclosed in both the application and petition for relief. And her age was definitively established when a guardian ad litem was appointed to represent her in the proceedings below. "[T]he statutes before us are liberally construed in favor of minors." (*J.M., supra*, 2 Cal.5th at p. 654.) Although the District asks us to refrain from granting relief, it does not dispute S.M. is a minor. We therefore accord her the " 'special solicitude' " intended by the Legislature and grant her request for relief. (*Ibid.*)

## DISPOSITION

The order denying plaintiffs' request for relief under section 946.6 is affirmed with respect to Ramirez and reversed with respect to S.M. The matter is remanded to the trial court for further proceedings consistent with this opinion. Each party shall bear its own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(3).)


DO, Acting P. J.

WE CONCUR:


KELETY, J.


RUBIN, J.

14