Filed 6/27/24  Ramos v. Oros CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| MARY RAMOS et al., | B330395 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 19STCV16075) |
| v. | |
| BRETT M. OROS, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel M. Crowley, Judge.  Reversed.

Law Offices of Robin E. Paley, Robin E. Paley and Shivali Kasbekar for Plaintiffs and Appellants.

Ford, Walker, Haggerty & Behar, Neil Tardiff and Robert Lee Reisinger for Defendant and Respondent.

_____

This appeal is from an order vacating entry of default and default judgment. Defendant submitted evidence to support his argument that he was never served with the summons. Plaintiffs countered with evidence he was served. The trial court neither resolved this credibility dispute nor considered whether the judgment was void for lack of jurisdiction in the event defendant was never served.

Instead, the trial court vacated the default and default judgment pursuant to Code of Civil Procedure[1] section 473.5. Section 473.5 applies when the someone was served, but "service of a summons has not resulted in actual notice." (§ 473.5, subd. (a).) Section 473.5, however, does not apply when the defendant was never served. Defendant did not claim below or on appeal that he was ever served.

We conclude the trial court applied the wrong statute and thus abused its discretion in vacating the entry of default and default judgment. We reverse and remand because the analytic fulcrum of the parties' respective arguments balances on a credibility determination the trial court did not make and we decline to make that determination in the first instance.

## BACKGROUND

On May 8, 2019, Mary Ramos and Antonio Baker (plaintiffs) filed a complaint against Brett M. Oros (defendant) alleging causes of action for motor vehicle and general negligence. Plaintiffs alleged defendant "ran a red light" and caused a motor vehicle collision. (Capitalization omitted.)

---

[1] Undesignated statutory citations are to the Code of Civil Procedure.

2

On February 18, 2020, plaintiffs requested entry of default. The clerk rejected that request for entry of default because there was no telephone number for the process server and because the default was filed "premature[ly]." The clerk required plaintiffs to file a new proof of service.

On March 26, 2020, Marshal Holly Bryk signed a proof of service indicating that on March 18, 2020 at 6:34 p.m., she personally served the summons and complaint on defendant at an address on George Street in North Haven, Connecticut. This is the only proof of service upon which plaintiffs rely and defendant asserts he never received. According to the proof of service, Bryk served defendant "[w]ho accepted service, with Identity confirmed by subject saying yes when named, a white male approx. 25-35 years of age, 6'0"-6'2" tall, weighing 180-200 lbs with brown hair." (Boldface omitted.)

On July 1, 2020, plaintiffs again requested entry of default. Plaintiffs' counsel declared under penalty of perjury that she mailed the request for entry of default to defendant at the George Street address. The clerk entered default.

On December 14, 2020, plaintiffs requested entry of a default judgment in the amount of $212,484.90. The request for entry of default judgment was "not mailed" to defendant "whose addresses are unknown to plaintiff or plaintiff's attorney." (Boldface omitted.)

The court rejected plaintiffs' July 1, 2020 request for entry of default judgment; plaintiffs filed another such request on November 24, 2021 seeking $212,447 in damages. Again, the request for entry of default judgment was not mailed to defendant because, according to plaintiffs, his address was unknown.

3

The court entered judgment by default on March 23, 2022 in the amount of $212,447.

On September 22, 2022, defendant filed a motion to set aside the default and default judgment. Defendant cited sections 473, 473.5, and the court's equitable power to set aside a default and default judgment. Defendant's claim was that "[o]n the date of alleged personal service, March 18, 2020, Defendant was not personally served with the Complaint." Among other things, defendant argued there is a "policy favoring trial on the merits" and pursuant to this policy, "doubts are resolved in favor of the application for relief from default."

In a declaration in support of his motion, defendant represented that from November of 2018 through August of 2021, he lived in Wallingford, Connecticut. Defendant stated he did not live at the George Street address on March 18, 2020; instead, his mother lived there. Defendant also stated he "was not personally served with the Complaint" and was not at the George Street address on March 18, 2020, the date Bryk purported to have served him. Defendant added that that he was a United States Marine, stationed in Hartford, Connecticut in March of 2020. He added that he worked 10 to 14 hour days and routinely drove to Massachusetts. Defendant further averred that in March of 2020, his wife was pregnant, and in June of 2020, his wife was hospitalized with complications. Defendant stated he has never been involved in litigation and did not know he had to file an answer in the current litigation when he was not "personally served with the Complaint on March 18, 2020." According to defendant, he learned about the lawsuit for the first time in September 2023, when his attorney called him after the default judgment had been entered.

Plaintiffs opposed the motion, arguing that defendant did not show he was not personally served with the complaint. Plaintiffs contended defendant was personally served as reflected in the proof of service signed by Bryk. Bryk's declaration in support of plaintiffs' opposition stated that she is a sworn peace officer and duly appointed Connecticut State Marshal. She stated she personally served defendant on March 18, 2020 and that defendant identified himself as Brett M. Oros. In a declaration, Ramos averred Bryk's description of defendant "is accurate." Ramos described defendant as "a white male with brown hair. He is approximately six feet tall or a little over and well-built." Baker also filed a declaration in which he described defendant as "a white male with dark hair. He is tall, standing over six feet, and well-built." He described defendant as appearing about 25 years old at the time of the accident. A traffic collision report attached to the opposition identifies defendant's address as the George Street address and describes him as a white male.

In support of his reply, defendant submitted a second declaration reiterating that on March 18, 2020, he did not live at the George Street address. On that date, he was at his home with his pregnant wife and they were "taking precautions against the Covid-19 pandemic. I [defendant] did not want my wife and unborn child to get sick." Defendant also stated that on March 18, 2020, he was not served at his mother's home. Defendant further claimed that in March 2020, his mother was in a romantic relationship with a "man of similar height and build . . . ." Defendant again stated that in March 2020, he was a United States Marine stationed in Hartford, Connecticut.

5

Defendant reiterated he did not learn of the lawsuit until September 2022 when his attorney contacted him.

The court granted defendant's motion and vacated entry of default and default judgment. The trial court reasoned in its minute order: "CCP § 473.5 provides that if service of a summon[s] has not result[ed] in actual notice to a party, said party may file a notice of motion to set aside default within a reasonable time. A reasonable time is considered to be either the two years after entry of default judgment or 180 days of receiving notice of default, whichever comes first." The court further explained: "Defendant has provided a proper declaration attesting that he was never served; there is a general policy that doubts are resolved in favor of the party seeking to set aside the default." The court cited *Waite v. Southern Pacific Co.* (1923) 192 Cal. 467 (*Waite*) in which our high court stated, "It is also well established that it is the policy of the law to bring about a trial on the merits wherever possible, so that any doubts which may exist should be resolved in favor of the application, to the end of securing a trial upon the merits."[2] (*Waite*, at pp. 470–471.) The court's minute order shows that the parties appeared at a hearing that was not reported, and our record does not include a settled statement.

---

[2] *Waite* involved a motion under section 473 for relief from default on the ground that in filing its answer in federal court, defendant mistakenly believed that the federal court, and not the state court, had jurisdiction over the case. (*Waite, supra,* 192 Cal. at p. 469.)

6

## DISCUSSION

We review the order granting the motion to set aside the default and default judgment for abuse of discretion. (*Luxury Asset Lending, LLC v. Philadelphia Television Network, Inc.* (2020) 56 Cal.App.5th 894, 907 (*Luxury Asset Lending*).)

The parties dispute whether section 473.5 applies. Defendant argues section 473.5 applies and that the evidence demonstrates he satisfied all that statute's requirements. Defendant further asserts we can infer "the trial court found: 1) that service of the summons did not result in actual notice to the Defendant in time to defend [citation]; 2) that the motion was made in a timely manner [citation]; . . . 3) that the declarations of the Defendant established that the lack of notice was not caused by his avoidance of service or excusable neglect [citation;] and 4) that the Defendant has a meritorious defense to the action." Defendant further argues even if section 473.5 does not apply, this court may set aside the default and default judgment based on equitable principles.

We conclude the trial court erred in relying on section 473.5, which is inapplicable to a defendant who claims he was not served at all. We need not consider whether defendant satisfied the requirements for section 473.5 relief because that statute is inapplicable on its face. We further conclude the trial court must resolve the credibility dispute over whether defendant was served before considering equitable or other statutory grounds for relief from the entry of default and default judgment.

**A.    The Trial Court Erred In Applying Section 473.5 to Defendant's Claim That He Was Never Served With the Summons**

Section 473.5 provides in pertinent part:  "When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action."  (§ 473.5, subd. (a).)

The plain language of section 473.5 demonstrates that it applies "[w]hen service of a summons has not resulted in actual notice."  (§ 473.5, subd. (a).)  The phrase "when service" indicates that service of the summons occurred.  Put differently, a defendant who was served but did not receive actual notice may request relief under this statute.  As stated in *Luxury Asset Lending, supra*, 56 Cal.App.5th at p. 908, "[s]ection 473.5 provides relief from default or default judgment to those defendants who, despite proper service, never received 'actual notice' of the lawsuit in time to defend against it."  The typical case under section 473.5 "involves constructive or substitute service" when the trial court "has acquired jurisdiction over a defendant by proper service of the summons, but that service has not resulted in actual notice to the defendant . . . ."  (Cal. Judges Benchbook:  Civil Proceedings—After Trial (CJER 2017) § 1.36.)

The issue before us is not whether Bryk's service of the summons (assuming it occurred) failed to give defendant actual notice.  Instead, defendant claims Byrk never served him and intimates Bryk may have served his mother's romantic partner.  To repeat, defendant asserted below and on appeal he was never served and plaintiffs assert Bryk personally served defendant.

8

Defendant makes no claim that such personal service failed to provide actual notice to him. Accordingly, the trial court erred in relying on section 473.5 to vacate entry of default and default judgment. By applying the wrong statute in evaluating whether to vacate the entry of default and default judgment, the trial court abused its discretion. (*Waterwood Enterprises, LLC v. City of Long Beach* (2020) 58 Cal.App.5th 955, 968 ["A trial court abuses its discretion when it applies the wrong legal standard."].)

**B.      Remand Is Necessary for the Trial Court To Make the Required Credibility Determination as to Whether Defendant Was Served and If So Whether To Vacate the Default and Default Judgment**

The law provides avenues of relief when a defendant is not served with a summons. For example, "if a default judgment was entered against a defendant who was not served with a summons as required by statute, the judgment is void, as the court lacked jurisdiction in a fundamental sense over the party and lacked authority to enter judgment." (*Kremerman v. White* (2021) 71 Cal.App.5th 358, 370; see *OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1330; *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1444.) "Under section 473, subdivision (d), the court may set aside a default judgment which is valid on its face, but void, as a matter of law, due to improper service." (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 544; see also *Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 858.) Under section 473, subdivision (b), a court may set aside judgment on the ground of fraud or mistake. (*Marriage of Park* (1980) 27 Cal.3d 337, 342.) In addition, a trial court may vacate a judgment on equitable grounds when

statutory relief is unavailable.  (*Luxury Asset Lending, supra,* 56 Cal.App.5th at p. 910.)

We cannot assess whether these avenues are available to defendant because the trial court did not make a finding as to whether defendant was served.  The court's only analysis in our record is in its minute order, which recites:  "Defendant has provided a proper declaration attesting that he was never served; there is a general policy that doubts are resolved in favor of the party seeking to set aside the default."  Defendant does not argue the court's minute order reflects a finding that the court credited defendant's evidence supporting he was not served.[3]  At best, it appears the court found defendant's declaration was "proper," not that the court was crediting defendant's as opposed to plaintiffs' evidence as to service.  The court's reliance on *Waite* further suggests the trial court relied on the policy favoring a trial on the merits without resolving the fundamental credibility dispute. (See fn. 2, *ante*.)

Notwithstanding the general rule that an appellate court defers to a trial court's credibility determinations,[4] we cannot defer to a credibility finding the trial court never made.  Although defendant argues we can conclude the default judgment should be set aside on equitable grounds, his argument depends on a finding that he was never served.  Specifically, he contends his declarations show he "was either mistakenly or intentionally not

***

[3] Defendant also does not argue that the court made such a finding at the hearing, which was not recorded.

[4] (See *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 365 [" 'Credibility is a matter within the trial court's discretion,' and the reviewing court must defer to the trial court's findings on credibility issues."].)

10

served and that the defendant did not learn of the lawsuit" until his attorney called him. Because the trial court made no such findings, we remand the case for the trial court to consider anew whether to vacate the default and default judgment.

Our opinion should not be interpreted to limit the parties' arguments on remand; we have addressed only the issues dispositive to this appeal.[5] Our opinion also should not be interpreted to limit the trial court's discretion upon remand, and we express no opinion on how the trial court should rule.

---

[5] The parties make additional arguments that we do not address given our conclusions in the text. For example, our conclusion that section 473.5 does not apply when defendant claims he never was served makes it unnecessary for us to address plaintiffs' claim that 473.5 does not apply when a defendant is personally served with the summons. Plaintiffs argue the trial court erred in resolving "factual doubts" in favor of defendant. Our record does not show the court resolved "factual" issues at all as to whether defendant was served. Defendant argues he proved the requirements of section 473.5 by a preponderance of the evidence. This argument does not assist him because we have concluded section 473.5 does not apply to begin with.

## DISPOSITION

The order vacating the default and default judgment is reversed. The case is remanded for further proceedings consistent with this opinion. Mary Ramos and Antonio Baker are entitled to costs on appeal.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.